# Gingrich *v.* Sheaffer.

*Justice of the peace—Jurisdiction—Trespass vi et armis—Trespass on the case.*

A justice of the peace has jurisdiction of actions of trespass for the recovery of damages for injury done or committed on real and personal estate. The damages for which plaintiff may sue before a justice in this form of action are such as arise where the injury is immediate and would be recoverable in the common-law action of trespass vi et armis, and not such as are consequential, and would be recoverable if at all, only in an action of trespass on the case. It is the nature of the demand, not merely the form of action in which the summons issues, that determines the justice's jurisdiction; and, if he had no jurisdiction of the cause of action the objection is not waived on appeal, but may be raised on the trial in the common pleas.

On an appeal from a judgment of a justice of the peace, it appeared that the form of action was assumpsit. The justice's record showed the nature of plaintiff's demand as follows: "Plaintiff is sworn and claims $60.00, being the amount due plaintiff for repairs, and loss of time for a buggy which defendant borrowed from plaintiff, the said buggy being broken while being used by an employee of the defendant." In the common pleas it appeared that plaintiff's claim embraced two demands. The first for the sum of $40.00, being the amount expended by the plaintiff at the special instance and request of the defendant, which sum the defendant expressly promised to pay; the second for the sum of $21.00 which plaintiff lost in consequence of defendant's negligence. *Held,* (1) that the first demand was based upon an express contract, and was clearly within the jurisdiction of the justice; (2) that the second was not within his jurisdiction; (3) that after an appeal and on a trial of the merits, plaintiff might recover the amount for which the justice had jurisdiction.

Argued Nov. 14, 1900. Appeal, No. 59, Oct. T., 1900, by defendant, from judgment of C. P. Lancaster Co., Oct. T., 1894, No. 81, on verdict for plaintiff in case of Amos G. Gingrich v. Amos A. Sheaffer. Before RICE, C. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from judgment of justice of the peace. Before LANDIS, P. J.

The material portion of the record of the justice of the peace was as follows:

September, 4, 1894, 10 A. M. Parties appear. Plaintiff is sworn and claims $60.00, being the amount due plaintiff for

repairs and loss of time for a buggy which defendant borrowed from plaintiff, the said buggy being broken while being used by an employee of defendant. Defendant affirmed and disputes the claim. Witnesses sworn. After hearing proofs and allegations, judgment is reserved.

September 10, 1894. Judgment is rendered in favor of plaintiff and against defendant. Sixty dollars, with costs for suit.

The plaintiff's statement in the common pleas was as follows:

And the plaintiff avers that he is the keeper and proprietor of a livery stable in the city of Lancaster, and keeps horses, carriages and other vehicles for hire; that about the 15th of January, 1894, the defendant, Amos A. Sheaffer, hired from him a buggy, the value of the hire of which was $1.00 per day, and the value of which vehicle was $150; and that the said Sheaffer undertook to pay for the hire of the same and to return the same in as good condition as when he got it; that instead of complying with his promises and undertakings, he negligently permittted the said vehicle to become broken, wrecked and ruined; and that he agreed to pay the cost of repairing the same and of restoring it to its former condition, and agreed that he would pay to plaintiff whatever it would cost to restore it; and plaintiff was obliged to pay to Henry Nolty, Jr., $40.00 for the repairs to said wagon, the items of which were as follows:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Jan. 17. | Two new wheels, | . | . | . | . | | $11.00 |
| " " | One side bar, . | . | . | . | . | .. | 1.50 |
| " " | One spring platt, | . | . | . | . | | 1.00 |
| " " | Tracking two axles, | . | . | . | . | | 2.00 |
| " " | Fixing body, | . | . | . | . | . | 1.00 |
| " " | Two clips, | . | . | . | . | . | .30 |
| " " | Four bolts, | . | . | . | . | . | .20 |
| " " | Fixing joints on top, | . | . | . | . | | .50 |
| " " | Fixing a rail, | . | . | . | . | . | .50 |
| " " | New top on buggy | . | . | . | . | | 22.00 |
| | | | | | | | $40.00 |

That the plaintiff was deprived of the use of his wagon for the space of twenty-one days by reason of the failure of the defendant to restore it, which was worth to plaintiff $21.00; so that there became due in all from the defendant to the plaintiff

the sum of $61.00, which he was liable to pay on April 1, 1894, but he refused and neglected to pay it, and to recover that amount, namely, $61.00, with interest, from April 1, 1894, this suit is brought.

The court refused a compulsory nonsuit, saying:

We think that this motion for a nonsuit must be denied. If the case arose purely out of the negligence of the defendant, the case could not be sustained; for it then could only be maintained by an action of trespass on the case, of which the magistrate would have had no jurisdiction; but if, after the accident, upon consultation between the parties, Gingrich was directed to have the buggy repaired, and he, Sheaffer, would pay the bill, then Sheaffer would be liable on his express contract. On this principle we have rejected the claim for the alleged loss of time for the use of the buggy by reason of the accident. It is not necessary for the magistrate to set forth the testimony in his transcript. We think there is sufficient set forth in regard to repairs in the testimony, if the jury should believe the testimony, to warrant a recovery. That is a matter entirely for the jury, after all the evidence has been submitted before them.

This case comes de novo into the common pleas. It is true that, on certiorari, if part of the judgment is bad, none of it can be sustained; for the court must sustain all the judgment or none, and cannot divide it; but, when the appeal is brought into the common pleas and tried there, the court and jury can consider that portion of the claim which is properly before them, and was properly before the magistrate, and can reject the portion of which the magistrate erroneously entertained jurisdiction. Under these circumstances, we think that you can open your defense as to this part of the claim, the $40.00 part of the claim.

Verdict and judgment for plaintiff for $50.80.

On a motion for a new trial LANDIS, J., filed the following opinion:

From the testimony in this case, it appeared that the plaintiff kept a livery and boarding stable in Lancaster city, at which the defendant boarded his horses. On the evening of January 17, 1894, the defendant ordered one of plaintiff's men to hitch up his horse to plaintiff's wagon, as he desired to send the team

to the country. The following day the wagon was returned in a damaged condition. Plaintiff thereupon interviewed the defendant, who instructed him to get the wagon fixed and he would pay for it. Plaintiff had the wagon repaired at an expense of $40.00, and, when the bill was presented by him, the defendant repudiated it. Suit was then brought before Alderman Deen. The transcript sets forth a claim for $60.00 "for repairs and loss of time for a buggy, which defendant borrowed from plaintiff, the said buggy being broken while being used by an employee of defendant." Judgment was entered for the sum of $60.00, and defendant appealed.

Plaintiff's statement alleges that the said Sheaffer undertook to pay for the hire of the same (the buggy) and to return the same in as good condition as when he got it; that, instead of complying with his promise and undertakings, he negligently permitted the said vehicle to become broken, wrecked and ruined, and that he agreed to pay the cost of repairing the same and of restoring it to its former condition, and agreed that he would pay to the plaintiff whatever it would cost to restore it, and the plaintiff was obliged to pay to Henry Nolty, Jr., $40.00 for the repairs. " The statement also averred that the plaintiff was deprived of the use of the wagon for twenty-one days, which was worth $21.00.

Upon the trial, the court excluded all evidence relating to the damages for the deprivation of said wagon, on the ground that such injury was consequential and not within the jurisdiction of the justice; but submitted to the jury the question whether or not there was an agreement for its repair, as alleged by the plaintiff. The jury found in favor of the plaintiff for $40.00, and interest.

The defendant contends that, because a portion of plaintiff's demand before the alderman was not within his jurisdiction, the court should not have permitted a verdict for any portion of the claim, even though a portion of it was properly before the alderman, and a verdict should, therefore, have been directed in favor of the defendant.

It cannot be doubted that, where a justice entertains a demand, part of which is within his jurisdiction and part for consequential injuries, which he has no right to pass upon, upon certiorari, the court of common pleas will reverse and set aside the whole pro-

ceedings. The reasons are palpable, for the court has no power to divide the judgment, in order that it may affirm the portion of the claim which is well founded, and set aside that portion which is illegal: Grosky v. Wright, 2 Kulp, 415.

But where the defendant waives the right to a certiorari and appeals from the decision of the magistrate, the situation changes. On an appeal, the proceedings are de novo. Of course, it is not meant by this that the plaintiff can substitute a new and different cause of action. The forum is changed by the appeal; but the cause of action remains the same. If the justice had jurisdiction of no part of the claim, an appeal from his judgment does not dispose of the objection, and it may be raised at any time in the common pleas: Deihm v. Snell, 119 Pa. 316; Moreland Township v. Gordner, 109 Pa. 116. But the maxim of the law is " Cessante ratione legis cessat ipsa lex." If a portion of the claim is within the jurisdiction of the alderman, the court can permit a recovery for so much as is properly cognizable by him, and exclude so much as he improperly entertained.

Viewing the law in this light, we are of opinion that there is no merit in the reasons assigned by the defendant, and we, therefore, discharge the rule.

*Error assigned* amongst others was in refusing binding instructions for defendant.

*B. F. Davis* and *N. Franklin Hall*, for appellant.—In civil cases the jurisdiction of a justice is derived altogether from statute, and his court is one of limited jurisdiction; he must act within the scope of his authority, and his jurisdiction must appear upon the face of the record: McCale v. Kulp, 8 Phila. 636; Swartwood v. Exeter Twp., 1 Kulp, 304; Holden v. Wiggins, 4 P. & W. 469; Ripple v. Keast, 5 Pa. Dist. Rep. 31; Conaghan v. Rudolph, 4 Kulp, 504.

It is not the form of the action, but the nature of its subject-matter, which must decide the question of jurisdiction:" Schaffer v. McNamee, 13 S. & R. 44.

By the use of the word "negligently" the action becomes an action on the case, and the fact that the damages caused were the result of negligence of the defendant shows them in

their very nature to have been consequential: Ripple v. Keast, 5 Pa. Dist. Rep. 31; Thilow v. Phila. Traction Co., 4 Pa. Dist. Rep. 83; Lynch v. Alderfer, 6 Montg. 108 ; Grosky v. Wright, 2 Kulp, 415.

The court had no power to divide the judgment and to affirm that part of it which is well founded, and, therefore, on account of the error stated, the whole proceeding must be reversed. Ream v. Rock, 15 Lanc. Law Rev. 327 ; Evans v. Hall, 45 Pa. 235.

*W. U. Hensel,* for appellee.

OPINION BY RICE, P. J., February 14, 1901:

A justice of the peace has jurisdiction of actions of trespass for the recovery of damages for injury done or committed on real and personal estate. The damages for which a plaintiff may sue before a justice in this form of action are such as arise where the injury is immediate, and would be recoverable in the common-law action of trespass vi et armis, and not such as are consequential, and would be recoverable, if at all, only in an action of trespass on the case. It is the nature of the demand, not merely the form of action in which the summons issues, that determines the justice's jurisdiction ; and, if he had no jurisdiction of the cause of action, the objection is not waived by an appeal, but may be raised, as was done in the present case, on the trial in the common pleas. Therefore, although the form of action was assumpsit, yet if the cause of action was a purely consequential injury which, at common law, was cognizable only in an action of trespass on the case, the defendant's contention, that there could be no recovery in the action being tried, was unassailable.

The defendant assumes that the cause of action as presented to the justice was negligence. But the transcript does not affirmatively show that such was the case. As we have said, the form of action was assumpsit; the nature of the demand appears only in the following memorandum of the plaintiff's testimony which the justice put on the docket: "Plaintiff is sworn and claims $60.00, being the amount due plaintiff for repairs and loss of time for a buggy which defendant borrowed from plaintiff, the said buggy being broken while being used by an em-

ployee of defendant." Section 4 of the Act of March 20, 1810, 5 Sm. L. 164, provides that the proceedings had before him shall be entered at large by the justice on his docket; "in which he shall state the kind of evidence upon which the plaintiff's demand may be founded, whether upon bond, note, penal or single bill, writing obligatory, book-debt, damages non assumpsit, or whatever it may be." But mere irregularities cannot be taken advantage of upon an appeal from his judgment. It is therefore not material to inquire in the present stage of the case whether or not, upon certiorari, it would have been held that the entry made by the justice was a sufficient compliance with the foregoing provision. It is enough for present purposes to say that the transcript does not affirmatively and conclusively show that the cause of action was a breach of an implied duty, and was cognizable only in an action of trespass on the case. Nor is there anything on the face of the transcript to show that the demand before the justice differed in nature from that declared upon in the common pleas. Going then to the plaintiff's statement of claim, and the evidence adduced in support of it, we find that it in reality embraced two demands: the first for the sum of $40.00, being the amount paid, laid out and expended by the plaintiff at the special instance and request of the defendant (this was shown by the evidence) which sum the defendant expressly promised to pay; second, for the sum of $21.00, which the plaintiff lost in consequence of the defendant's negligence. The first was based on express contract and was clearly within the jurisdiction of a justice of the peace, and for present purposes it may be conceded that the second was not within his jurisdiction. If the plaintiff's demand had been thus entered on the justice's docket and the proceedings had been brought up for review by the common pleas upon certiorari, the court might have been compelled to reverse the judgment, because as the learned judge who presided at the trial well says, that court in that form of proceeding "has no power to divide the judgment, in order that it may affirm the portion of the claim which is well founded, and set aside that portion which is illegal." But after the defendant has appealed and gone to trial on the merits, no such obstacle stands in the way of a recovery of that demand of which the justice had undoubted jurisdiction. It is true it has been held in many cases that if

the plaintiff's claim exceeds the amount of which justices of the peace have jurisdiction, the plaintiff cannot give jurisdiction by remitting part, nor can the court acquire jurisdiction in such a case on appeal by lopping off the excess. In such a case the claim must be treated as an entirety. But in the present case, as we have shown, a different state of facts is presented, and after a fair trial on the merits, we are not called upon to be astute in the effort to bring the case within principles which, so far as we have been able to discover, have not been extended to such a case. In the absence of an authoritative adjudication to the contrary, we are of opinion that the court committed no error in permitting a recovery for the sum expended by the plaintiff at the defendant's request and upon the faith of his express promise to pay. The discussion of the question in the oral opinion of the learned judge overruling the motion for compulsory nonsuit, and in his written opinion discharging the rule for new trial, fully covers the ground and renders further discussion by us unnecessary.

Judgment affirmed.