## Carlson v. Johnson.

*Justice of the peace—Jurisdiction—Burden on defendant to show want of jurisdiction — Judgment given publicly — Form of action — Injury to automobile.*

1. Where the transcript of a justice of the peace shows on its face that the justice had jurisdiction, the burden is on the defendant who alleges want of jurisdiction to show it.

2. In the absence of anything to the contrary, the presumption is that the justice of the peace gave his judgment publicly.

3. In an action before a justice of the peace for injuries to an automobile sustained in a collision with defendant's automobile, the fact that a stepdaughter of the defendant was driving his car with him in it in no way controls the form of action.

4. The law will esteem the acts of a servant when done in his master's presence and employment, without objection or dissent, as his acts.

5. Where the damages sought to be recovered are direct and immediate, and not indirect and consequential, a justice of the peace has jurisdiction of the subject-matter in an action for the recovery thereof if the amount does not exceed the limit of his jurisdiction.

*Certiorari* to justice of the peace. C. P. Jefferson Co., Oct. T., 1921, No. 114.

*W. T. Darr* and *Alex. S. Scribner*, for exceptions; *Brown & Means*, contra.

CORBET, P. J., March 13, 1922.—The justice's transcript states the cause of action as "trespass *vi et armis* to recover damages for injuries to automobile of plaintiff, caused by defendant." That "the parties appeared with their witnesses and trial was proceeded with." That witnesses were sworn and testified for the plaintiff, and, also, that witnesses were sworn and testified for the defendant. And that, "after hearing the proofs and allegations of the parties, judgment" was "rendered in favor of the plaintiff and against the defendant for the sum of $9.41 and the costs of suit."

The defendant's exceptions are in substance:

"1. That the justice had no jurisdiction of the subject-matter. 'Although the transcript on its face shows jurisdiction, nevertheless, there was none, for the action is founded upon negligence, and is, therefore, trespass on the case and not trespass *vi et armis*, as stated in the transcript.'

"2. The justice did not render judgment publicly.

"3. Although the record of the justice who tried this action shows it to be trespass *vi et armis*, yet such is not the case, for the injury . . . is alleged to have been caused by the alleged negligence of the defendant's driver and not by the defendant, so that any action against the defendant therefor would necessarily rest in trespass on the case, in which form of action the justice has no jurisdiction, and not in trespass *vi et armis*."

Defendant's depositions, taken to show absence of jurisdiction, even if considered, afford no specific information as to the occurrence which gave rise to the suit. Only that defendant was sitting in his car or automobile when it collided with and injured plaintiff's automobile, and that Esther Sellers, defendant's stepdaughter, was driving his car or automobile for him. The opinions of the deposing witnesses for defendant were in accord that Esther Sellers did not intentionally collide with plaintiff's car, but were not in agreement as to whether she did so carelessly. Plaintiff expressed the opinion that she did so carelessly; the justice, A. A. Kennedy, and constable, E. M. Plyler, were of the opinion she was not negligent in running into plaintiff's car, and the defendant, David Johnson, said nothing about it either way.

It is conceded that the transcript shows on its face that the justice had jurisdiction. The burden is on the defendant who alleges want of jurisdiction,

and who likewise carries the burden of establishing the errors he alleges, to show that the justice was without jurisdiction in this case: Young v. Trunkley, 6 Northamp. Co. Repr. 372; Kaniper v. Kreidler, 9 Pa. C. C. Reps. 91.

In the absence of anything to the contrary, the presumption is that a justice of the peace gave his judgment publicly: Myers v. Funk, 37 Pa. C. C. Reps. 161; Bay v. Arnold, 37 Pa. C. C. Reps. 501; Wallace v. Watson, 27 Lanc. Law Rev. 84; Bailey v. Bailey, 20 Dist. R. 724; Schuss v. Bell Run C. & C. Co., 12 Pa. Justices' Law Repr. 300.

That Esther Sellers, the stepdaughter of the defendant, was driving his car with him in it in no way controls the form of the action. In Strohl v. Levan, 39 Pa. 177, it was held that trespass would lie against a father for an injury committed by his team, when driven by a son with whom he was riding at the time. In the opinion it is said: "Trespass is proper, where the injury is by the direct act of the party, whether done wilfully or negligently. Force directly applied is the criterion. If the act was in law the act of the defendant, he is, consequently, liable in trespass, whether it resulted from wilfulness or negligence. That the law will esteem acts of a servant, when done in his master's presence and employ without objection or dissent, as his acts there can be no doubt."

In Motz v. Melanchak, 1 Wash. Co. Reps. 215, where the jurisdiction of the justice was in question, an affidavit was made that the son of Mrs. Motz, the plaintiff in error, was driving her automobile at the time the accident occurred on which the suit was based. McIlvaine, P. J., said: "This affidavit is not sufficient to show that it is a case of negligence or consequential damages, because it does not allege that the owner of the car, the defendant in the case, was not in the car along with her son. If she were, the law would presume that she herself was directing the manner in which the car was driven. Again, the act of assembly regulating the use of automobiles on public highways makes the person in whose name the car is licensed the presumptive driver of the car in case of an accident, and the burden is thrown, and was thrown, on the defendant in this case to appear before the justice and show that she was not driving the car at the time of the accident in order to oust his jurisdiction."

In the case of Richardson v. Duff, 1 Wash. Co. Reps. 195, where damages were done a horse and buggy by a motor-vehicle, and the question of the justice's jurisdiction was raised, the same learned judge said: "The test here is, was the injury direct and immediate or was it consequential? If the injury is inflicted by the act at any moment of its progress, from commencement to the termination thereof, then the injury is direct or immediate; but if the injury arises after the act has been completed, though occasioned by the act, then it is consequential or collateral." And it was held in the case that the justice of the peace had jurisdiction of an action by the plaintiff, who, while driving a horse hitched to a buggy, was struck by an automobile driven by the defendant, who exposed only one light in front and was on the wrong side of the road.

As said by Rice, P. J., in Grosky v. Wright, 2 Kulp, 415: "A justice has jurisdiction of actions of trespass brought for the recovery of damages for injury done or committed on real and personal estate. It has been many times decided that the damages for which a plaintiff may sue in this form of action are such as arise where the injury is immediate, and would be recoverable in the common law action of trespass vi et armis, and not such as are consequential, and would be recoverable, if at all, only in an action of trespass on the case." A distinction is made in this case between "damages for repair-

Carlson v. Johnson.

ing buggy that defendant broke by running into it"—a direct and immediate injury—and "for loss of buggy while awaiting repairs, and trouble"—an indirect and clearly consequential injury not recoverable in an action of trespass.

In Gingrich v. Sheaffer, 16 Pa. Superior Ct. 299, that court, in an opinion by Rice, P. J., used in substance the same language as has been quoted from 2 Kulp, 415.

Where the damages sought to be recovered are direct and immediate, and not indirect and consequential, a justice of the peace has jurisdiction of the subject-matter in an action for the recovery thereof, if the amount does not exceed the limit of his jurisdiction: Becker v. Palm, 20 Dist. R. 51; Morrison v. Lefever, 40 Pa. C. C. Reps. 210; Ryder v. Sondheimer, 42 Pa. C. C. Reps. 534; Ortel v. Higinbotham, 49 Pa. C. C. Reps. 176; Scheirer v. Gross, 15 Pa. Justices' Law Repr. 63; Patscaga v. Musko, 19 Luzerne Legal Reg. Reps. 262; Garber v. Lockard, 28 Dist. R. 96; Guth v. Stein, 29 Dist. R. 669; Leibowitz v. Keim, 37 Lanc. Law Rev. 309; Cobb v. Jamison, 1 Wash. Co. Reps. 99; Richardson v. Duff, 1 Wash. Co. Reps. 195; Motz v. Melanchak, 1 Wash. Co. Reps. 215.

And now, March 13, 1922, the exceptions are all overruled and dismissed, and the judgment of the justice is affirmed. Costs to be paid by defendant.

From Raymond E. Brown, Brookville, Pa.