### Usner v. Rudy.

*Justice of the peace—Jurisdiction—Trespass.*

1. A justice of the peace has jurisdiction in an action of trespass where formerly the action would have been *vi et armis*, but not on the case; that is to say, he has jurisdiction for a direct and immediate injury with violence to person or property, but not where the damage is consequential or the injury committed without violence.

2. A justice has jurisdiction in an action to recover damages for injury to a herd of cattle caused by the defendant's driving an automobile into them.

Affidavit raising question of law. C. P. Lancaster Co., April T., 1921, No. 66.

*M. G. Schaeffer,* for plaintiff; *John A. Coyle,* contra.

HASSLER, J., Jan. 18, 1923.—The affidavit of defence in this case raises the question of law whether the justice had jurisdiction, it being an appeal from a justice of the peace. It is alleged in his statement that the defendant carelessly and negligently drove his automobile into a herd of cattle belonging to the plaintiff, killing and injuring several of them, and causing damage to the plaintiff to the amount of $100. These damages are due entirely to the loss of and injury to the cattle, and not to any expense to which the plaintiff was subjected by reason of the accident.

In Gingrich v. Sheaffer, 16 Pa. Superior Ct. 299, an appeal from this court, it is decided that a justice of the peace, even since the passage of the Act of 1887, abolishing the distinction between actions of trespass and trespass on the case, has jurisdiction in actions of trespass vi et armis, but not in actions of trespass on the case. The distinction between damages recoverable in an action of trespass vi et armis and those recoverable in an action of trespass on the case is clearly pointed out in Stephen on Pleading. On page 16 it is stated that trespass vi et armis is an injury committed with violence, where the injury is of a direct and immediate kind and committed on the person or property of the plaintiff. Damages for such injuries are recoverable in an action of trespass. It is further stated that trespass on the case lies where the party sues for damages for any wrong or cause of complaint to which covenant or trespass alone apply. This would be where an injury is not committed with violence, or is not of a direct or immediate kind. Where trespass on the case is the proper remedy, a justice does not have jurisdiction.

In Grosky v. Wright, 2 Kulp, 415, Judge Rice says: "A justice has jurisdiction of actions in trespass brought for the recovery of damages for injury done or committed on real and personal estate. It has been many times decided that the damages for which a plaintiff may sue in this form of action are such as arise where an injury is immediate, and would be recoverable in the common law action of trespass vi et armis, and not such as are consequential, and would be recoverable, if at all, only in an action of trespass on the case. Where the plaintiff has an election of actions and chooses to proceed for the recovery of consequential damages rather than for those arising immediately from the injury, it is equally clear that his remedy is in the Common Pleas and not before a justice of the peace. These principles we think too well decided to need a citation of authorities in their support." In Gingrich v. Sheaffer, 16 Pa. Superior Ct. 299, the rule is stated in nearly the same language, and the court says, in addition: "It is the nature of the demand, not merely the form of action in which the summons issues, that determines the justice's jurisdiction." In that case the court below was careful to exclude all testimony of any loss sustained by reason of the plaintiff having been deprived of the use of the damaged team, as they were consequential damages of which the justice had no jurisdiction. This distinction between the claims for damages which the justice has jurisdiction to entertain an action for and those of which he does not have such jurisdiction runs through all the cases on the subject. We have followed them in Becker v. Palm, 27 Lanc. Law Rev. 175; Morrison v. Lefever, 29 Lanc. Law Rev. 370; Garber v. Lockard, 35 Lanc. Law Rev. 287, 28 Dist. R. 96; and Sprout v. Kirk, 36 Lanc. Law Rev. 129, in all of which we held that the justice had jurisdiction to entertain an action for damages, such as are claimed here, and we are convinced of the correctness of what we there decided. There are other Common Pleas cases to the same effect, among which are Scheirer v. Gross, 7 Lehigh Co. L. R. 11; Patscaga v. Musko, 19 Luzerne Legal Reg. Reps. 262. See, also, Leibowittz v. Keim, 37 Lanc. Law Rev. 309.

The damages claimed in this case are for direct and immediate injury and are not consequential. They are such as would have been recoverable in an action of trespass vi et armis and not in an action of trespass on the case. The justice, therefore, had jurisdiction of the subject-matter of the case, and the objection to the statement is, therefore, without merit. The question of law raised in the affidavit of defence is, therefore, overruled, and the defendant is permitted fifteen days from this date to file an affidavit of defence.

From George Ross Eshleman, Lancaster, Pa.