## Calkins v. Levering.

*Jurisdiction, J. P.—Trespass—Damage by cattle breaking through line fence—Appeal.*

1. A justice of the peace has jurisdiction in a suit to recover for damages done by the defendant's cattle in breaking through the defendant's portion of a line fence into the plaintiff's adjoining cornfield.

2. A justice has jurisdiction in trespass *vi et armis* for a direct injury, but not in trespass on the case.

3. Whether the cattle were in the control of an agister is a matter of defence and need not be shown in the statement.

4. Where a justice entertained a demand, part of which was outside of his jurisdiction, the court will, on appeal, permit recovery of that portion of the claim over which he had jurisdiction, although, had a *certiorari* been taken, the whole proceeding would have been set aside.

Appeal from justice of the peace. C. P. Lancaster Co., June T., 1922, No. 73.

*W. L. Calkins* and *John M. Groff*, for plaintiff.

*Charles W. Eaby*, for defendant.

HASSLER, J., April 14, 1923.—This is an appeal from the judgment of the justice of the peace in an action to recover damages sustained by reason of cattle belonging to the defendant breaking through a line fence between his farm and the one occupied by the defendant. The affidavit of defence, raising a question of law, contains four particulars, wherein it is claimed the statement is insufficient to entitle the plaintiff to recover. The first three of these are without merit and require but little consideration. Whether the cattle were in the control of an agister is a matter of defence. It is alleged in the fourteenth paragraph, contrary to the contention of the defendant, that the cattle broke through the part of the fence which it was the duty of the owner or occupier of the farm occupied by the defendant to maintain and keep in repair. The claim for damages is sufficiently set forth in the statement.

This brings us to the fourth particular, wherein the statement is claimed to be insufficient, which is that "the statement shows this to be an action of trespass on the case, and, hence, the justice had no jurisdiction."

If the justice had no jurisdiction of the subject-matter, or any part of it, in this case, then this court would have none, and judgment would have to be entered for the defendant. The distinction between damages recoverable in an action of trespass of which a justice has jurisdiction and those recoverable in an action of trespass on the case, of which he does not have jurisdiction, is pointed out in Stephen on Pleading. On page 16 it is stated that trespass *vi et armis* is an injury committed with violence, where the injury is of a direct and immediate kind and committed on the person or property of the plaintiff. Damages for such an injury are recoverable in an action of trespass. But where the injury is not direct or immediate, that is, is consequential, the proper remedy is trespass on the case, and of such actions a justice does not have jurisdiction.

The Act of March 22, 1814, § 1, 6 Sm. Laws, 182, provides that a justice of the peace shall have jurisdiction in all actions brought for the recovery of damages for injury done or committed on real or personal property where the damages do not exceed $100. This has since been made $300.

In Grosky v. Wright, 2 Kulp, 415, Judge Rice says: "A justice has jurisdiction of actions of trespass brought for the recovery of damages for injury done or committed on real and personal estate. It has been many times decided that the damages for which a plaintiff may sue in this form of action

3 D. & C.

are such as arise where an injury is immediate, and would be recoverable in the common law action of trespass *vi et armis*, and not such as are consequential, and would be recoverable, if at all, only in an action of trespass on the case. Where the plaintiff has an election of action and chooses to proceed for the recovery of consequential damages rather than for those arising immediately from the injury, it is equally clear that his remedy is in the Common Pleas and not before a justice of the peace. These principles we think too well decided to need a citation of authorities in their support." In Gingrich v. Sheaffer, 16 Pa. Superior Ct. 299, the rule is stated in nearly the same language, and the court says, in addition: "It is the nature of the demand, not merely the form of action in which the summons issues, that determines the justice's jurisdiction." In that case the court below was careful to exclude all testimony of any loss sustained by reason of the plaintiff having been deprived of the use of the damaged team, as they were consequential damages of which the justice had no jurisdiction. This distinction between the claims for damages which the justice has jurisdiction to entertain an action for and those of which he does not have such jurisdiction runs through all the cases on the subject. We have followed them in Becker v. Palm, 27 Lanc. Law Rev. 175; Morrison v. Lefever, 29 Lanc. Law Rev. 370; Garber v. Lockard, 35 Lanc. Law Rev. 287, 28 Dist. R. 96, and Sprout v. Kirk, 36 Lanc. Law Rev. 129, 28 Dist. R. 740, in all of which we held that the justice had jurisdiction to entertain an action for damages such as are claimed here, and we are convinced of the correctness of what we there decided. There are other Common Pleas cases to the same effect, among which are Scheirer v. Gross, 7 Lehigh Co. L. J. 11; Patscaga v. Musko, 18 Luzerne Legal Reg. 262; Leibowitz v. Keim, 37 Lanc. Law Rev. 309, 30 Dist. R. 328.

Some of the damages claimed in the statement in this case are recoverable in an action of trespass *vi et armis*, as they are the direct and immediate result of the injury. Those claimed in the eleventh paragraph of the statement are not direct and immediate, but are indirect and consequential, and are recoverable only in an action of trespass on the case. The justice does not have jurisdiction of an action for such damages. It is well settled that if the defendant had raised this objection by a writ of *certiorari*, the proceedings of the justice would have been set aside, but he has waived his right to object by not having issued such writ. On this question it was said by this court in Gingrich v. Schaeffer, 17 Lanc. Law Rev. 143, Judge Landis delivering the opinion: "It cannot be doubted that where a justice entertains a demand, part of which is within his jurisdiction and part for consequential injuries, which he has no right to pass upon, upon *certiorari* the Court of Common Pleas will reverse and set aside the whole proceedings. The reasons are palpable, for the court has no power to divide the judgment in order that it may affirm the portion of the claim which is well founded and set aside that portion which is illegal: Grosky v. Wright, 2 Kulp, 415. But where the defendant waives his right to a *certiorari* and appeals from the decision of the magistrate, the situation changes. On an appeal, the proceedings are *de novo*. Of course, it is not meant by this that the plaintiff can substitute a new and different cause of action. The forum is changed by the appeal, but the cause of action remains the same. If the justice had jurisdiction of no part of the claim, an appeal from his judgment does not dispose of the objection, and it may be raised at any time in the Common Pleas: Deihm v. Snell, 119 Pa. 316; Morland Township v. Gordner, 109 Pa. 116. But the maxim of the law is *"cessante ratione legis cessat ipsa lex."* If a portion of the claim is within the jurisdiction of the alderman, the court can permit a recovery for

so much as is properly cognizable by him and exclude so much as he improperly entertained."

We are of the opinion, therefore, that the statement is sufficient and decide the question of law raised in the affidavit against the defendant, and direct that he file an affidavit of defence within fifteen days of the filing of this opinion.

From George Ross Eshleman, Lancaster, Pa.