From M. M. Burke, Shenandoah, Pa.

---

## American Gasoline and Oil Company v. Hoehn.

*Magistrate's jurisdiction — Trespass—Title to real estate—Practice—Act of March 22, 1814.*

1. A question as to the magistrate's jurisdiction because title to real estate was involved cannot be raised on appeal by affidavit raising a question of law. This objection can only be made by affidavit before the justice, as provided by the Act of March 22, 1814, 6 Sm. Laws, 182.

2. A magistrate has jurisdiction in an action for damages where the injury is direct or by violence and not consequential, as when the injury was caused by a falling branch of a tree striking the plaintiff's automobile.

Affidavit of defence in lieu of demurrer. C. P. Lancaster Co., Dec. T., 1920, No. 65.

*John N. Hetrick*, for plaintiff; *B. F. Davis, Jr.*, for defendant.

HASSLER, J., June 27, 1925.—This is an appeal from the judgment of a justice of the peace. In its statement the plaintiff bases its right to recover upon an alleged act of negligence of the defendant in not maintaining in proper condition a tree in front of his premises on South Lime Street, in this city, because of which negligence he alleges a branch fell and caused the injury complained of to the automobile of the plaintiff company.

The defendant has filed an affidavit of defence raising a question of law. In it he contends, first, that the plaintiff is not entitled to recover because the justice did not have jurisdiction of the case, as the title to the real estate will naturally come into question. He argues that a question in the case will be whether the defendant owns the real estate on which the tree is alleged to have been negligently maintained.

This question cannot be raised in this way. Section 2 of the Act of March 22, 6 Sm. Laws, 182, provides that a defendant must, before trial of an action, make oath or affidavit before a justice that the title of land may come into question in said action, whereupon the justice shall dismiss the same. The defendant having failed to make this affidavit at the proper time cannot raise the question now. We, therefore, decide this question of law against the defendant.

The other question of law raised is that the justice of the peace has no jurisdiction because the action is one of negligence. Section 1 of the Act of March 22, 1814, 6 Sm. Laws, 182, provides that justices of the peace shall have jurisdiction of all actions of trespass for the recovery of damages for injury done and committed not in excess of $100. In Gingrich v. Sheaffer, 16 Pa. Superior Ct. 299, in affirming a case from this court, the Superior Court decided that a justice of the peace has jurisdiction of actions of trespass for the recovery of damages for injuries done or committed on real and personal property, caused by negligence, if they arise from an injury that is immediate and would be recoverable in a common law action of trespass vi et armis. But if the damages are consequential, they would be recoverable only in an action of trespass on the case, and a justice does not have jurisdiction of an action for their recovery. It is the nature of the demand, not merely the form of action in which the summons issues, that determines the justice's jurisdiction. It is also decided in it that if a justice had no jurisdiction of the cause of action, the objection is not waived on appeal, but may be raised on a trial in the Common Pleas. We have passed upon this question frequently, among the later cases being Schoenberger v. Wolf, 37 Lanc. Law Rev. 281; Leibowitz v. Keim, 37 Lanc. Law Rev. 309; Usner v. Rudy, 38 Lanc. Law Rev. 392. The distinction between damages recoverable in actions of trespass vi et armis and those recoverable in an action of trespass on the case is clearly pointed out in Stephen on Pleading. On page 16 it is stated that trespass vi et armis lies where one seeks to recover damages for an injury committed with violence and where the injury is of a direct and immediate kind. Damages for such injuries are recoverable in an action of trespass before a justice of the peace. Trespass on the case lies where one seeks to recover damages for any wrong or injury to which covenant or trespass alone apply. This would be where an injury is not committed with violence or is not of a direct or immediate kind, but consequential. Where trespass on the case is the proper remedy, a justice of the peace does not have jurisdiction.

In this case the injury was caused by the branch of a tree striking the automobile of the plaintiff, which is an act of violence. The damages claimed are for a direct and immediate injury to the automobile and not for any that are consequential.

We are of the opinion, therefore, that the justice had jurisdiction and that the statement sets forth a good cause of action. We, therefore, decide the questions of law raised in the affidavit of defence against the defendant, and direct that he file an affidavit of defence within fifteen days of the date of filing of this opinion.

**From George Ross Eshleman, Lancaster, Pa.**