## Wenger v. Dull.

*Automobile collision—Damages—Justice of the peace—Jurisdiction of—Acts of July 7, 1879, June 30, 1919, and June 14, 1923.*

Neither the Act of June 14, 1923, P. L. 718, nor the Act of June 30, 1919, P. L. 678, which it amended, repealed the Act of July 7, 1879, P. L. 194, giving a justice of the peace jurisdiction up to $300. The $100 limitation in the Act of 1923 applies only to suits against non-resident defendants. A justice of the peace has jurisdiction, therefore, in a suit to recover $150 damages for injury to the plaintiff's automobile by collision.

Statutory demurrer. C. P. Lancaster Co., Feb. T., 1927, No. 84.

*W. Hensel Brown*, for plaintiff; *Charles W. Eaby*, for defendant.

HASSLER, J., July 2, 1927.—On Jan. 19, 1927, the plaintiff brought a suit in trespass against the defendant before J. C. Baker, a justice of the peace. A hearing was duly had on Jan. 26, 1927, and, the defendant not appearing, evidence was presented to the effect that Dull had negligently run into the automobile of the plaintiff and damaged it to the extent of $150. Judgment was entered in favor of the plaintiff for the damages claimed by the plaintiff, and the defendant thereupon appealed from the said judgment, and this appeal was entered to the above number and term. The plaintiff filed his statement, in which he claimed to recover the sum of $150 for the injuries occasioned to the automobile, and the defendant raises the point of law that the justice had no jurisdiction of the case.

Section 30 of the Act of June 14, 1923, P. L. 718, which amends section 36 of the Act of June 30, 1919, P. L. 678, reads that "all civil actions for damages arising from the use and operation of any motor-vehicle may, at the discretion of the plaintiff, be brought before any alderman, magistrate or justice of the peace in the county where the alleged damages were sustained, if the

plaintiff has had such damages repaired and shall produce a receipted bill for the same properly sworn to by the party making such repairs, or his agent, or said action may be brought in the Court of Common Pleas of said county, and service of process in either case may be made by the sheriff of the county where the suit is brought, deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth . . . provided, that no action involving more than $100 shall be brought before any alderman, magistrate or justice of the peace."

The plaintiff claims that this act only applies to suits against non-resident defendants, and that, as the defendant lives within the county, it is not applicable to this case; whereas, the defendant asserts that it applies to all actions for damages caused by automobiles, and, as the amount of the damages exceeded $100, no jurisdiction was vested in the justice to entertain the suit.

In Sharp v. Boyer, 6 D. & C. 597, this same question came before Judge Stotz, of Northampton County. He held that neither the Act of 1923 nor the Act of 1919, which it amended, repealed the Act of July 7, 1879, P. L. 194. Section 1 of the Act of 1879 provides "that the aldermen, magistrates and justices of the peace in this Commonwealth shall have concurrent jurisdiction with the Courts of Common Pleas of all actions arising from contract, either express or implied, and of all actions of trespass and of trover and conversion wherein the sum demanded does not exceed $300, except in cases of real contract, where the title to lands or tenements may come in question, or action upon promise of marriage." He, therefore, decided that "a justice of the peace has jurisdiction in trespass where the injury is by the direct act of the party, whether done wilfully or negligently," and that "his jurisdiction extends to injuries due to the negligent operation of an automobile where the force which caused the injuries was directly applied." In Petros v. Crawl, 74 Pitts. L. J. 55, Judge Jones decided the same question in the same way, and in Smith v. Algeo, 74 Pitts. L. J. 224, Judge Rowand held that a judgment for $190, entered by a magistrate against a defendant for damages due to a collision between automobiles, was correctly entered and that the Act of 1923 was not intended to modify the jurisdiction of a justice of the peace generally in trespass cases. The contrary doctrine was held by Judge Lloyd in Felmly v. Michael, 6 D. & C. 52, but, upon carefully examining all the cases, we are of the opinion that the former is the sounder of the two propositions.

In Gingrich v. Sheaffer, 16 Pa. Superior Ct. 299, it was held that "the damages for which a plaintiff may sue before a justice" of the peace "in this form of action are such as arise where the injury is immediate and would be recoverable in the common-law action of trespass vi et armis, and not such as are consequential and would be recoverable, if at all, only in an action of trespass on the case," and that "it is the nature of the demand, not merely the form of action in which the summons issues, that determines the justice's jurisdiction." In the recent case of Sprout v. Kirk, 80 Pa. Superior Ct. 514, the court reiterated the same principles and held that, where, in an action of trespass originating before a justice of the peace, the damages were alleged to have been caused by a collision between an automobile and a farm wagon, and the evidence was conflicting, the question of negligence should have been submitted to a jury.

In this case, the plaintiff's statement avers that, on Oct. 18, 1926, the plaintiff was driving an Essex automobile at a legal rate of speed on the Black Horse Road towards the Lincoln Highway, and while driving on the extreme right-hand side of said road, the defendant, who was also driving a car, turned

Wenger v. Dull.

off from the said Lincoln Highway on to his left-hand side of the Black Horse
Road and struck the automobile of the plaintiff and damaged it to the amount
of $150; that the injuries sustained by the machine of the plaintiff were
caused wholly and exclusively by the careless, reckless and negligent manner
in which the defendant operated his car. If on the trial the plaintiff by due
proof can sustain these allegations, he can recover the damages claimed.

We are of the opinion that the point of law raised by the defendant should
be decided in favor of the plaintiff.

Question of law raised decided in favor of plaintiff.

From George Ross Eshleman, Lancaster, Pa.