## Lutz v. Frey.

*Jurisdiction, J. P.—Trespass—Damage to automobile by cow—Appeal— Practice—Acts of March 22, 1814, and March 5, 1925.*

1. A justice of the peace has jurisdiction in an action of trespass to recover for damage to the plaintiff's automobile caused by the defendant's cow jumping on the running-board in going from the defendant's field to his barn.

2. Where the justice of the peace had no jurisdiction, this objection is not waived by appeal.

3. It was a negligent act of the defendant to have his cattle on the public road, either permissively or because they were not properly fenced in.

Acts of March 22, 1814, 6 Sm. Laws, 182, and March 5, 1925, P. L. 23, considered.
Becker v. Weaver, 15 Dist. R. 799, 23 Lanc. Law Rev. 188, distinguished.

Rule to strike off appeal.  C. P. Lancaster Co., Oct. T., 1926, No. 71.

*Edwin M. Gilbert,* for rule; *Harnish & Harnish,* contra.

HASSLER, J., July 2, 1927.—This is an application under the provisions of the Act of March 5, 1925, P. L. 23, to strike off an appeal from the judgment of a justice of the peace, for the reason that he did not have jurisdiction of the cause of action. The Act of March 5, 1925, P. L. 23, provides that the court shall preliminarily determine upon the pleadings the question of the jurisdiction of the defendant on the cause of action for which the suit is brought. It also provides that such question shall be raised "by petition setting forth the facts relied upon, whereupon a rule to show cause shall be granted and such preliminary question disposed of by the court."

The facts relied upon to decide the question of the justice's jurisdiction of the cause of action in this case are not in dispute. They are as follows: An alderman of this city, in an action of trespass, after hearing the parties, entered a judgment against the defendant, from which this appeal was taken. The facts constituting the cause of action, as they appear in the pleadings and the transcript of the justice, are, that a cow (one of a number) belonging to the defendant, in going from his field to his barn, jumped

on the running-board and radiator of the plaintiff's automobile, causing the injury complained of. The claim and judgment was only for the direct damage to the automobile. No claim was made for any consequential damages. The defendant asks to have the judgment opened and the appeal stricken off for the reason that the justice did not have jurisdiction of the subject-matter of the suit.

Section 1 of the Act of March 22, 1814, 6 Sm. Laws, 182, provides that justices of the peace shall have jurisdiction of all actions of trespass for the recovery of damages for injury done not in excess of $100. In Gingrich v. Sheaffer, 16 Pa. Superior Ct. 299, in affirming a case from this court, the Superior Court decided that a justice of the peace has jurisdiction of actions of trespass for the recovery of damages for injuries done or committed on real and personal property caused by negligence, if they arise from an injury that is immediate and would be recoverable in the common-law action of trespass vi et armis, but if the damages are consequential, they would be recoverable only in an action of trespass on the case, and a justice does not have jurisdiction of an action for the recovery of such damages. It is the nature of the demand, not merely the form of action in which the summons issues, that determines the justice's jurisdiction. It is also decided in that case that if a justice had no jurisdiction of the cause of action, the objection is not waived on appeal, but may be raised on a case in the Common Pleas. Schoenberger v. Wolf, 37 Lanc. Law Rev. 281; Leibowitz v. Keim, 37 Lanc. Law Rev. 309; Usner v. Rudy, 3 D. & C. 577, 38 Lanc. Law Rev. 392; American Gasoline and Oil Co. v. Hoehn, 7 D. & C. 443, 39 Lanc. Law Rev. 507, are cases in which this court has passed upon this question. The distinction between damages recoverable in an action of trespass vi et armis and those recoverable in an action of trespass on the case is clearly pointed out in Stephen on Pleadings. On page 16, it is decided that trespass vi et armis lies where one seeks to recover damages for an injury committed with violence, and where the injury is of a direct and immediate kind. Damages for such injuries are recoverable in an action of trespass before a justice of the peace. Trespass on the case lies where one seeks to recover damages for any wrong or injury to which covenant or trespass will not apply. This would be where an injury is not committed with violence, or is not of a direct or immediate kind, but consequential. Where trespass on the case is the proper remedy, a justice of the peace does not have jurisdiction. This distinction is followed in the case of Gingrich v. Sheaffer, supra. In it the claim of the plaintiff was for injuries to an automobile, due to the negligence of the defendant. Part of the claim was for direct injury to the automobile and part was for the expense to which the plaintiff was subjected in hiring an automobile to replace the damaged one until it was again ready for use. All testimony of the latter part of the claim was excluded because the justice did not have jurisdiction of an action to recover such damages, and the Superior Court decided that a verdict for the direct damages in the trial on the appeal, viz., the costs of repairing an automobile, was proper, because the justice had jurisdiction of the action to recover such damages. He could not, however, entertain an action for the part of the claim which was consequential.

It was a negligent act of the defendant in this case to have his cattle on the public road, either permissively or because they were not properly fenced in. As the injury for which the damages are claimed was the direct result of such negligence, they are recoverable in an action of trespass vi et armis, and the justice had jurisdiction of the cause of action. The case of Becker v. Weaver, 15 Dist. R. 799, differs from the present case, for the reason that it

was not a negligent act to have permitted a dog to run at large on the public highway.

We are of the opinion that the justice had jurisdiction of the cause of action, and discharge the rule to show cause why the appeal and judgment should not be stricken off.

From George Ross Eshleman, Lancaster, Pa.