## GREENAWALT *v.* SHANNON.

A motion to quash an appeal from the judgment of a justice of the peace, will not be entertained after the case has been referred to arbitrators, a trial had upon the merits, and an award filed.

IN error from the Court of Common Pleas of Dauphin county.

John Shannon, the defendant in error, brought trespass for killing his cow, before a justice of the peace, against William Greenawalt, the plaintiff in error. From the judgment of the justice on the report of referees, defendant appealed to the Court of Common Pleas of Dauphin county.

The case is sufficiently stated in the opinion of this court.

*Boas,* for plaintiff in error.

*Kunkle,* contrà.

*July 5.*   BURNSIDE, J.—This was an action of trespass for kill-
ing a cow of plaintiff, who is defendant in error, before Justice
Snyder.  No amount of plaintiff's demand appears to have been
stated on the justice's docket.   The parties referred the cause to
three of their neighbours, who awarded for the plaintiff $15, damages
and costs.   The testimony returned with the record shows that no
witness valued the cow at less than $25.   From the award Shan-
non the plaintiff appealed, and filed a declaration in the Common
Pleas, laying his damages at $250.   To this declaration the
defendant entered a plea, and afterwards a rule of arbitration.
The arbitrators awarded the plaintiff $35, damages and costs.
From this award the defendant, Greenawalt, appealed.   About a
year afterwards, when the jury were about to be sworn, the counsel
of defendant moved the court to strike off the appeal, which the
court refused; and the cause was tried, and the plaintiff obtained
a verdict for $85, damages and costs.

The only error assigned is, that the court refused to strike off
the first appeal.   The case of McClosky *v.* McConnell, 9 W. 17,
is not unlike this case, and it was held that if a justice of the peace
enter a judgment for the defendant upon an award of arbitrators,
the plaintiff has a right to an appeal, if his claim exceed $20,
which may be measured by his declaration, or by the amount stated
on the docket of the justice.   It is the duty of the court to treat
the law giving justices jurisdiction in civil cases, as well as their
proceedings, with great liberality, in order to prevent injustice.
The original summons in this case is not returned, but it is fair to
presume it was for a " sum not exceeding $100."   The amount of
the demand was not stated on the docket.   The value of the cow,
and the wantonness of the trespass, was the subject adjudicated.   The
court say in 9 W. 18, that the damages laid in the declaration,
where there is no other standard, will give jurisdiction, and that
this rule rests on the authority of many cases, there referred to
and cited.   But the application to strike off the appeal was too
late.   In Marks *v.* Swearingen, 3 Barr, 454, where the appeal from
the justice was on the 17th of June, 1845, and entered to October
Term of the same year, and the motion to quash was not made
until the 6th of December, 1845, after the case had been referred
to arbitrators, a trial on the merits (as in this case), and the award
filed, it was held that the motion to quash came too late; and the
court say, the lateness of the application should have prevented, if
there had been no other ground for quashing the appeal.

The defendant had acquiesced in this appeal until a trial was had on the merits; 3 Barr, 456.

Here the defendant makes no objection to the appeal, tries his cause on the merits, which results in an increase of damages, appeals to the Common Pleas, and when he finds the plaintiff ready to meet him before a jury of the country, tries to get clear of the case in a summary manner, which justice forbids.

Judgment affirmed.