## Township of Moreland *versus* Gordner.

1. Where, after an appeal to the Common Pleas from the judgment of a justice of the peace, it appears, at any stage of the case, that the justice had not jurisdiction of the action, the Common Pleas has no jurisdiction of the appeal, and the court, on motion, would dismiss the action.

2. A defendant in a judgment given against him by a justice of the peace, appealed to the Common Pleas, and the transcript filed showed that the cause of action was a tort, of which the justice had not jurisdiction. The plaintiff took a voluntary nonsuit in the Common Pleas, and brought a new action in the Common Pleas, for the same tort, to which the defendant pleaded former recovery:

    *Held*, that the effect of the voluntary nonsuit was not only to put the former case out of the Common Pleas, but to leave no judgment before the justice; hence the voluntary nonsuit was no bar to another suit in a court having jurisdiction.

February 20th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY and CLARK, JJ. STERRETT and GREEN, J. J., absent.

ERROR to the Court of Common Pleas of *Lycoming county :* Of January Term, 1885, No. 184.

This was an action on the case by George H. Gordner against the township of Moreland to recover damages for injuries suffered by the plaintiff by reason of negligence of the supervisors of said township in failing to keep a certain bridge and highway in repair, by reason whereof his wagon and team were injured. The defendant pleaded former recovery and not guilty.

On the trial, before CUMMIN, P. J., the defendant, in support of its plea of former recovery, put in evidence the transcript and record of a suit which the plaintiff had brought soon after the accident, before a justice of the peace, against the defendant, for the same cause of action, in which judgment for the plaintiff had been entered by the justice and the defendant had appealed to the Common Pleas. It further appeared by said record, that, when the case was called for trial in the

[Moreland Twp. *v.* Gordner.]

Common Pleas, the plaintiff suffered a voluntary nonsuit and paid all the costs. He afterwards brought this suit.

The defendant's counsel asked the court to take the case from the jury, and hold that the taking of a nonsuit, in the former suit, was a bar to the recovery by the plaintiff. The court reserved the point and the jury found in favor of the plaintiff for $128.93, subject to the ruling of the court on the point reserved.

The court afterwards entered judgment for the plaintiff on the verdict and point reserved; whereupon the defendant took this writ of error, assigning for error the above action and judgment of the court.

*Henry Johnson,* for the plaintiff in error.—A judgment against a plaintiff, on the merits, from which he appeals to the Common Pleas, and discontinues his suit, is a bar to any other for the same cause of action; the rule is the same where the defendant took the appeal: Rose *v.* Turnpike Co., 3 Watts, 46; Felton *v.* Weyman, 10 Barr, 71; Act March 20th, 1810. The nonsuit was in reality and effect a retraxit, a formal withdrawal of the record, and a final end of the controversy.

*Henry C. Parsons,* for the defendant in error.

Chief Justice MERCUR delivered the opinion of the court, March 2d, 1885.

It is true on an appeal from the decision of a justice of the peace to the Common Pleas the statute provides that the cause shall be decided in the said court on its facts and merits only, and no mistake in the form of the action shall prejudice either party in the court to which the appeal shall be made. This however assumes that the justice of the peace had jurisdiction of the cause of action.

An action on the case for a tort is not within the jurisdiction of a justice of the peace. Objection to his jurisdiction may be taken at any stage of the case. If the justice has not jurisdiction the Common Pleas cannot have it on appeal: Collins *v.* Collins, 1 Wr., 387.

To sustain the plea of former recovery in the present case, the plaintiff in error gave in evidence the record of a judgment obtained against him before a justice of the peace. He however had appealed from that judgment, and filed the same in the Common Pleas. The transcript showed the action to be in case for a tort for consequential damages, not within the jurisdiction of the justice. This was fatal to the case, and on motion it would have been the duty of the court to dismiss the action: Goddard *v.* McKean, 6 Watts, 337. Practically

[Road in South Abington Twp.]

the cause was as effectively terminated by the plaintiff therein suffering a nonsuit. It ended the case. The effect is not the same as if the party appealing had withdrawn his appeal. If this had been the case the effect would have been to reinstate the judgment. In the present case the defendant in the judgment appealed therefrom. During the pendency of that appeal the judgment was superseded. The case was an action pending. Thereupon the plaintiff therein by suffering a nonsuit, not only put the case out of the Common Pleas, but left no judgment before the justice. It follows the learned judge was right in holding that the voluntary nonsuit was no bar to another suit for the same cause of action, in a court having jurisdiction of the case.

Judgment affirmed.