Opinion by
Rice, P. J.,
The legislature in conferring jurisdiction on justices of the .peace of causes of action arising from contract, either express or implied, had in view those contracts which arise immediately out of a course of dealing between the parties, and not that sort of contract that arises remotely out of the compact.of government: Zeigler v. Gram, 13 S. & R. 102; Zell v. Arnold, 2 P. & W. 292; Schaffer v. McNamee, 13 S. & R. 44; Common *239 wealth v. Reynolds, 17 S. & R. 367; Montgomery v. Poorman, 6 Watts, 384; Ellsworth v. Barstow, 7 Watts, 314; Seitzinger v. Steinberger, 12 Pa. 379; Pittsburg v. Daly, 5 Pa; Superior Ct. 528; Katch v. Benton Coal Co., 19 Pa. Superior Ct. 476. No express contract is averred in plaintiff’s statement of claim; and, recognizing the principle of the foregoing cases, no' implication of a contractual obligation of the defendants to pay to the plaintiff the whole, or such share as the- plaintiff might demand; of the cost of repairing the wall in question,' which could be enforced by action of assumpsit- before a justice of the peace, arose from the facts recited in the statement. And even if by any liberality of construction it might be held that the action was upon a contract, it was plainly a contract “where the title to land or tenements may come in question,” and in that view a justice of the peace would not have jurisdiction under the Act of March 20, 1810, 5 Sm. L; 161.
But it is argued by plaintiff’s counsel that although the action was assumpsit in form, the cause of action was clearly ex delicto. It would require a wide stretch of the imagination to infer this from the transcript of the magistrate, wherein the sole statement of the cause of action is, the plaintiff “claims ten dollars and fifty cents, cost of repairing retaining wall belonging to defendants;” and it must' be borne in.mind that the cause of action, whatever change be made in the pleadings or evidence, cannot be departed from in- the common pleas: Knappenberger v. Roth, 153 Pa. 614; Katch v. Benton Coal Co., 19 Pa. Superior Ct. 476. But assuming that the-cause of action alleged in the statement of claim is the same as that alleged before the magistrate, we cannot assent to the proposition that a cause of action ex delicto is alleged of which justices of the peace have jurisdiction under the Act of March 22, 1814, 6 Sm. L. 182. According to the averments of the statement, the wall was not built by the defendants, nor was it upon or contiguous to the land to which they acquired title after it was built, nor- did it fall upon plaintiff’s land in consequence of anything that the defendants did. Hence the familiar’ illustration of the -force- that will sustain an action of trespass at common law for an act of the *240 defendant upon his own land — that where one lays rubbish so near the plaintiff’s Wall that the necessary or natural consequence is that some of it rolls against the wall, the injury is immediate and trespass is the remedy — is not pertinent to the facts of the present case. Moreover, the utmost extent of the plaintiff’s claim, giving his statement every possible intendment, is that as the wall supported an alley which the defendants in common with other purchasers from Harper; who built the wall, had a right to use, it was the joint and several duty of the defendants and the owners of the other lots to keep it in proper repair, and as it fell upon the plaintiff’s land it was their duty to restore it to its former condition, and, failing in that after notice, to pay to him in proper proportions the cost that he was put to in doing that which they ought to have done. It is well settled that the action of trespass for the recovery of damages for injury done or committed on real or personal estate, of which justices of the peace were given jurisdiction by the act of 1814, was the action of trespass vi et armis, where the injury is immediate; their jurisdiction did not extend to injuries for the redress of which the action of trespass on the case was the appropriate and exclusive remedy: Hobbs v. Geiss, 13 S. & R. 417; Gingrich v. Sheaffer, 16 Pa. Superior Ct. 299; Township of Moreland v. Gordner, 109 Pa. 116. The Act of May 25, 1887, P. L. 271, which abolished the distinction theretofore existing between trespass vi et armis and trespass on the case, “ so far as relates to procedure,” did not extend the jurisdiction of justices of the peace to causes of action not theretofore embraced therein. Whether an action of trespass on the case to recover damages for the breach of a duty arising out of the circumstances could be maintained by plaintiff upon proof of the facts alleged in the statement of claim, need not be determined. It is sufficient to say, that by no construction of the statement, no matter how liberal, can the conclusion be reached that the cause of action averred therein — the matter for which the action' was brought — was cognizable in the common-law action of trespass vi et armis.
As the magistrate did not have jurisdiction of the cause of *241 action, either under the act of 181.0 or the act of 1814, the common pleas had not jurisdiction thereof on appeal: Township of Moreland v. Gordner, 109 Pa. 116; Katch v. Benton Coal Co., 19 Pa. Superior Ct. 476.
The judgment is reversed and judgment is now directed for the defendants upon the demurrer.