Neel, Insurance Commissioner, *v.* Oliver Estate et al., Appellants.

Argued September 28, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Oliver Evans,* with him *Henry O. Evans* and *Reed, Smith, Shaw & McClay,* for appellants.

*Paul J. Donnelly,* with him *Josef Jaffe, Robert W. Semenow* and *James H. Duff,* Attorney General, for appellee.

OPINION BY MR. JUSTICE JONES, November 26, 1945:

This appeal grows out of a suit instituted in the court below (C. P. Allegheny County) on *August 26, 1944,* by the Insurance Commissioner of the Commonwealth, as statutory liquidator of the Keystone Indemnity Exchange, against the personal representatives of a deceased subscriber to the Exchange for the recovery of an assessment alleged to be due by the subscriber in accordance with a levy made by the Commissioner on *September 12, 1938,* pursuant to an order of that date by the Court of Common Pleas of Dauphin County.

The order of assessment, so made as above stated, was entered in a proceeding wherein the Exchange had been adjudged insolvent and a decree placing its business and assets in the hands of the Insurance Commissioner for the purpose of liquidation had been entered on *May 18, 1933,* and wherein a decree formally dissolving the Exchange had been entered on *June 8, 1933.* On appeal to this Court the order of assessment was affirmed (see *Commonwealth ex rel. Schnader v. Keystone Indemnity Exchange,* 338 Pa. 405, 415, 11 A. 2d 887).

The defendants deny liability on the part of their decedent for the assessment on the ground that the

liquidator's claim was barred by the statute of limitations, the defendants' contention in such regard being that the critical date for the running of the statute was either May 18, 1933, or June 8, 1933. In their affidavit of defense, they also set up new matter on the basis whereof they allege that the Insurance Commissioner was guilty of laches in not obtaining the order of assessment until September 12, 1938.

Upon motion by the plaintiff to strike off the new matter and upon his rule for judgment for want of a sufficient affidavit of defense, the learned court below granted the motion to strike off and made absolute the rule for judgment, holding that the period of limitations began to run on September 12, 1938, the date of the order of assessment. The defendants thereupon appealed. We think that the conclusion so reached by the court below is correct and that the action accordingly taken by it was proper.

The appellants assert that a court order of assessment against subscribers to a reciprocal or inter-insurance exchange is surplusage and unnecessary. Accordingly, they contend that the entry of the order of assessment in the instant case had no material bearing on the running of the statute of limitations. In support of this, the appellants argue that their deceased subscriber's liability for the assessment became definitely fixed upon entry of the decree of liquidation or, at the latest, upon entry of the decree of dissolution (both decrees having ensued as a result of the insolvency of the Exchange) and that the amount of such liability forthwith became certain by virtue of Paragraph (d) of Sec. 1004 of the Insurance Code of May 17, 1921, P. L. 682, Art. X, as amended by the Act of April 9, 1929, P. L. 464, Sec. 1 (40 P.S. § 964), which contemplates an assessment liability on the part of subscribers "equal to not less than one additional annual premium or deposit charged" while the contracts held by the subscriber in this case specified that same amount as the maximum extent of her liability.

Of course, the contract provision just referred to was wholly ineffectual to delimit or even to help determine the amount of the subscriber's assessment liability. Whatever that liability was, it existed alone by virtue of the statute unaffected by the subscriber's Exchange contracts or agreements: see *Commonwealth ex rel. Schnader v. Keystone Indemnity Exchange,* supra, at p. 411. We have therefore but to determine whether the amendment of 1929, supra, conclusively fixed a subscriber's liability for assessment definitely in an amount "equal to not less than one additional annual premium or deposit charged".

Sec. 1004 of the Insurance Code of 1921 as amended by the Act of 1929, supra, provides in part here material that "Such subscribers, so contracting among themselves, shall, through their attorney, file with the Insurance Commissioner of this Commonwealth a declaration, verified by the oath of such attorney, setting forth: . . . (d) A copy of the form of power of attorney, or other authority of such attorney, under which such insurance is to be effected or exchanged, and which shall provide that the liability of the subscribers, exchanging contracts of indemnity, shall make provision for contingent liability, equal to not less than one additional annual premium or deposit charged."

The above-quoted provision prescribes the maximum of the subscriber's liability for assessment and not the minimum as the appellants contend. The phrase "equal to not less than" may seem a bit awkward for the accomplishment of the end sought to be attained. But, its very evident purpose was to make certain that subscribers "exchanging contracts of indemnity" could not, among themselves, limit the extent of their respective liabilities to anything "less than one additional annual premium or deposit charged" on each contract of indemnity to which they subscribed, hence, the statutory limitation of the maximum assessment liability in terms of "not less than". In *Commonwealth ex rel. Schnader v.*

*Keystone Indemnity Exchange,* supra, we said (p. 411) that "The amendment of 1929, providing the liability to pay a sum equal to not less than one annual premium, supplements section 1004 and fixes *the maximum* that may be demanded by the commissioner if liquidation becomes necessary pursuant to the Insurance Department Act of 1921, P. L. 682." (Emphasis supplied).

The appellants urge that that question was not involved in *Commonwealth ex rel. Schnader v. Keystone Indemnity Exchange,* supra, but we think it was. In that case certain subscribers contested the amount of the assessment (viz., a sum equal to "one additional annual premium or deposit charged") on the ground that so much was not necessary to discharge the remaining liabilities of the Exchange. The assessment was there approved, however, because the fixing of its amount (within the maximum limitation statutorily prescribed) involves an exercise of discretion which will not be disturbed on appeal except for an abuse and no abuse of discretion was shown. Had the amendment of 1929 been deemed to fix the minimum liability of subscribers in an amount "equal to not less than one additional annual premium or deposit charged" that would have been a complete answer to the complaining subscribers. The basis upon which the decision was rested carried with it an implicit answer to the contention which the appellants now make in this connection.

The liability of the appellants' decedent for the assessment was contingent, as the statute itself contemplated, and did not become definite and fixed in amount until the order entered on September 12, 1938, by the Court of Common Pleas of Dauphin County. The statute of limitations therefore began to run from that date against the subscriber's liability and the instant suit was filed in time.

We agree with the learned court below that any question of laches because of the liquidator's delay in obtaining the order of assessment was foreclosed by

that order which, as already stated, was affirmed by this court on appeal in *Commonwealth ex rel. Schnader v. Keystone Indemnity Exchange,* supra. Any question of laches in such regard could not endure beyond the time when the order of assessment had become conclusive. Thenceforth the timeliness of the liquidator's effort to enforce the assessment was to be adjudged according to the period prescribed by the applicable statute of limitations. Such, indeed, was the view taken and enforced by the Court of Appeals of Maryland with respect to this very assessment. See *Taggart v. Wachter, Hoskins & Russell, Inc.,* 179 Md. 608, 625, 21 A. 2d 141. If any subscriber, through lack of notice, was denied a day in court on the question of the imposition of the assessment, the place to have attacked the assessment was in the proceeding wherein the order was entered and not, collaterally, in a suit for the enforcement of the assessment.

Furthermore, the responsible duty of determining when the assessment should be made lay with the Insurance Commissioner and nothing alleged in the new matter in the defendants' affidavit is sufficient to charge him with " 'fraud, illegality, bad faith or obvious error' " *(Freeman v. Brady,* 352 Pa. 249, 253, 42 A. 2d 451). No valid distinction in its exercise is apparent between the duty of the Secretary of Banking with respect to the assessment of stockholders of a closed bank and the duty of the Insurance Commissioner to obtain the imposition of an assessment against subscribers of an insolvent reciprocal or inter-insurance exchange. In fact, the latter officer is not even enjoined by statute, as is the former, to estimate "as soon as expedient" the amount of the required assessment and then assess accordingly.

The judgment of the court below is affirmed.