Neel, Insurance Commissioner, Appellant, *v.*
Williams et ux.

Argued December 11, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Josef Jaffe,* with him *Victor J. Abel, Paul J. Donnelly* and *James H. Duff,* Attorney General, for appellant.

*Henry K. Van Sickle,* with him *J. Willard Paff,* for appellees.

OPINION BY HIRT, J., January 18, 1946:

This case came to the common pleas on an appeal from a judgment entered by a justice of the peace. After plaintiff's statement was filed, the lower court, on defendants' rule, dismissed the action on the ground that the justice did not have jurisdiction of the cause of action and the common pleas therefore had none on appeal. The legal principle invoked is well settled.. *Moreland Twp. v. Gordner,* 109 Pa. 116. In our view the justice had jurisdiction; the order will be reversed.

Keystone Indemnity Exchange, legally authorized by its subscribers to issue and exchange reciprocal or inter-insurance contracts in Pennsylvania, became insolvent and pursuant to an order of the Court of Common Pleas of Dauphin County was in the process of liquidation by the Insurance Commissioner. On September 12, 1938, the Dauphin County Court, after full hearing, disclosing a deficiency of assets to meet liabilities, "decreed that the subscribers of Keystone Indemnity Exchange holding policy contracts exchanged among said subscribers and issued from April 9, 1929,

to May 18, 1933, shall pay an amount equal to one annual deposit premium on each policy issued to them." In each year of that period, defendants as subscribers were the holders of a policy of reciprocal insurance issued by the Exchange. The total of the annual premiums on their policies for these years amounted to $187.40. Judgment in that amount with interest was entered against the defendants by a justice of the peace in favor of the Insurance Commissioner as liquidator, in an action in assumpsit.

By the Act of March 20, 1810, P. L. 208, 42 PS 242, the jurisdiction of justices of the peace in actions in assumpsit is restricted to "causes of action arising from contract, either express or implied." And in such cases the jurisdiction of a justice is limited "to those contracts which arise immediately out of a course of dealing between the parties and not that sort of contract that arises remotely out of the compact of government." *Birkhead v. Ward*, 35 Pa. Superior Ct. 235. Money due by reason of an order or decree of court is not a debt arising on contract. *Katch v. Benton Coal Co.*, 19 Pa. Superior Ct. 476; Cf. *Beckman Sec. Bkng v. Buckwalter*, 341 Pa. 561, 20 A. 2d 198. Defendants' contention, adopted by the lower court, was that these additional payments, beyond the initial premium deposits, were not contractual obligations assumed by them in the inter-insurance policies to which they were parties, but that the contingent liability was imposed upon them wholly by statute and the judgment of the Dauphin County Court.

Subscribers to reciprocal or inter-insurance contracts are both insurers and insured. What they must pay for the protection of their own property is directly related to their obligation, as insurers, to all other subscribers. Accordingly, the legislature, in the Act of May 17, 1921, P. L. 682, as amended April 9, 1929, P. L. 464, 40 PS 961-964, imposed further terms upon which reciprocal insurance could be undertaken thereafter. Section 1004 of the act as amended, 40 PS 964, provides: "Such sub-

scribers, so contracting among themselves, shall, through their attorney, file with The Insurance Commissioner of this Commonwealth a declaration . . . setting forth . . . (d) a copy of the form of power of attorney, or other authority of such attorney [in this case Keystone Indemnity Exchange] under which such insurance is to be effected or exchanged, *and which shall provide that the liability of subscribers, exchanging contracts of indemnity, shall make provision for contingent liability, equal to not less than one additional annual premium or deposit charged."*

Two of the policies assumed direct contractual liability in accordance with the amendment, by the provision: "Assured shall be contingently liable for an additional amount, not to exceed, however the annual premium or deposit charged herein." But it is of no benefit to defendants, in the attempt to avoid payment of the assessment in this case, that the other three insurance contracts, effective after April 9, 1929, (by extension of a policy issued in 1925) did not contain the provision, or that the policies in question specifically disavowed further liability thus: "Upon payment of the premium herein provided for, the subscriber shall not be liable for nor required to make any other payment under this contract."

The Supreme Court had occasion to discuss the effect of the 1929 amendment, on subsequent contracts of subscribers of Keystone Indemnity Exchange, in an appeal by them from the above assessment order of the Dauphin County Court and again in a second opinion after a reargument of that appeal. In *Com. ex rel. v. Keystone Ind. Exchange,* 335 Pa. 333, 6 A. 2d 821, one of the questions was whether an assessment could be levied against a holder of an expired policy contract "where the policy provided that it was non-assessable, but by statute, the attorney-in-fact was required to issue policy contracts providing for an assessment." In answer, Mr. Justice LINN said: "The Commonwealth, acting by the Insur-

ance Commissioner, enforcing the insurance law, is a party to this proceeding on the one hand, and the appellant-subscriber, the other party. Either the appellant was engaging in the insurance business as the statute permitted, with such limited liability as was allowed, or appellant was engaged in violation of the law, without the limited liability, and subject to additional penalties. It is no answer to the State's request that appellant pay its share of the contingent liability, that its agent, the Indemnity Company, made a contract which provided that it should not be paid. These obligations were not limited to be performed only during the period in which the insurance was to be in force; the subscriber assumed more than one obligation; one was that the insurance should be effective for the specified period, *but another obligation was that the contingent liability must be assumed and would, of course, remain an existing obligation until the subscriber discharged it by payment or was otherwise relieved.*" (Emphasis added.) Additional questions were raised on reargument of that appeal but the principles enunciated dispose of the question in the present appeal as the following reference to the opinion *(Com. ex rel. Schnader v. Keystone Ind. Ex.,* 338 Pa. 405, 11 A. 2d 887) will demonstrate: "This insurance business could be conducted as required by the legislation on the subject and not otherwise. . . . If subscribers were not advised of this provision, [§1004 of the 1929 amendment] their ignorance will not constitute a defense to the demand for payment; they could only become parties to such reciprocal insurance on the terms allowed by the legislature. *If their agreements included provisions prohibited by or inconsistent with the statute, such provisions are nugatory . . . Policies which did not have such a provision must nevertheless be considered as if they contained it.*" (Italics added.) This was not mere dicta but a determination of the status of subscribers and their contract obligation as insurers. The statement in a later case *(Neel, Insurance Commissioner v. Est. of Oliver*

*et al.,* 353 Pa. 195, 44 A. 2d 561, that "whatever that liability was, it existed alone by virtue of the statute", if read in the light of the prior opinions which were specifically approved, indicates that the Supreme Court did not intend to change its holding that the subscribers' obligations between themselves were contractual. The principle that statutory requirements, whether imposed specifically or by necessary implication, become part of the assumed contractual liability, enforceable in assumpsit, is well settled. *Nagle Eng. & Boiler Wks. v. Erie,* 350 Pa. 158, 38 A. 2d 225. In 1 Couch, Insurance, §150, the principle is thus stated: "Contracts of insurance are presumed to have been made with reference to the law of the land, including the statutory laws which are in force and are applicable, and such laws enter into and form a part of the contract, as much as if actually incorporated therein. And this rule applies as well to certificates in mutual benefit societies, associations, and the like. And where applicable statutes have been construed by the courts, settled judicial constructions become a part of the statute itself and a part of the obligation of the contract." Cf. 44 C.J.S., Insurance, §302.

"It is the duty of the court to treat the law giving justices jurisdiction in civil cases . . . with great liberality in order to prevent injustice": *Greenawalt v. Shannon,* 8 Pa. 465. There is a fundamental distinction between statutory liability arising out of the "compact of government" e. g., in imposing a penalty (*Ziegler v. Gram,* 13 S. & R. 102, the source of the language quoted in *Birkhead v. Ward,* supra.) and contractual obligations voluntarily assumed as in the present case. The assessment provision imposed by the 1929 act became a part of the contracts of subscribers exchanged after its effective date. The obligation had its source in the contract though enlarged by implication of law. Accordingly, the justice of the peace had jurisdiction of the action to collect the assessment on all of the policies involved, notwithstanding three of them contained non-assessment provisions.

This conclusion is not affected by the order of the Common Pleas of Dauphin County determining the amount of the assessment. Of course a justice of the peace has no jurisdiction of an action upon a judgment of a court of record. *Wilson v. Long,* 12 S. & R. 58. But the action here was not so founded. The amendment of §1004 prescribes the maximum of the subscribers' liability for assessment and not the minimum. *Neel, Insurance Com. v. Est. of Oliver et al.,* supra. What the subscriber must pay is related to the liabilities of the Exchange which the subscribers must discharge. The Dauphin County Court had authority to determine the extent of their liability within the limit fixed by law. The order of that court merely liquidated the subscribers' liability by determining what they were bound to pay, not by virtue of the assessment except as to the amount, but by the obligation of their contracts.

Judgment reversed with a procedendo.