Byers, Appellant, *v.* Olander.

166

Argued April 25, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Robert Bruce Greer,* with him *William S. Doty, Thomas A. Thornton* and *Doty & Thornton,* for appellant.

*David S. Palkovitz,* for appellee.

OPINION BY HIRT, J., July 17, 1947:

Defendant appealed to the county court from a judgment in an action of assumpsit entered against her by a justice of the peace. By statutory demurrer to plaintiff's statement of claim, defendant questioned the jurisdiction of the justice. In sustaining the demurrer, the lower court held that it did not have jurisdiction of the action on appeal, because the cause of action was

not within the jurisdiction of a justice of the peace. *Deihm v. Snell,* 119 Pa. 316, 13 A. 283. The court was clearly right in this conclusion though wrong in entering judgment for defendant on the demurrer. Since the transcript of the justice and plaintiff's statement of claim both disclose that the justice did not have jurisdiction, the action should have been dismissed. *Moreland Twp. v. Gordner,* 109 Pa. 116.

Defendant exacted and plaintiff paid $43 for one month's occupancy of an apartment, for which the established maximum lawful rent under a Federal price control regulation, was $7.50 per week. The action was brought before a justice of the peace under the Emergency Price Control Act of 1942, as amended, 205(e), 50 U. S. C. A. 925. app. That section gave plaintiff a right of action against the defendant "on account of the overcharge" and, in addition to an allowance for attorney fees, made the defendant liable for "whichever of the following sums is greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine." It is also provided: "Any action under this subsection by either the buyer [tenant] or the Administrator, . . . may be brought in any court of competent jurisdiction." The justice awarded plaintiff $50 in addition to a like sum for attorney fees and entered judgment for $100 in his favor.

Although plaintiff had a right of action under the Emergency Price Control Act, it was not in assumpsit before a justice of the peace. The section of the Act, above quoted, confers concurrent jurisdiction on State and Federal courts. But the provision authorizing an action "in any court of competent jurisdiction" does not and could not enlarge the jurisdiction of a justice of the peace. Congress does not have that power. The jurisdiction of justices of the peace and other inferior magis-

trates in Pennsylvania is limited strictly to that conferred by our own statutes. *Paulson v. Eisenberg,* 134 Pa. Superior Ct. 503, 4 A. 2d 585. By the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, 42 PS 242, the jurisdiction of justices of the peace in actions of assumpsit is restricted to "causes of action arising from contract, either express or implied" and in such cases the jurisdiction of a justice is limited to "those contracts which arise immediately out of a course of dealing between the parties, and not that sort of contract that arises remotely out of the compact of government": *Birkhead v. Ward,* 35 Pa. Superior Ct. 235; *Neel, Ins. Comm'r. v. Williams et ux.,* 158 Pa. Superior Ct. 478, 45 A. 2d 375.

In this case the relationship of the parties as lessor and lessee was contractual. But .defendant's liability upon breach of a rent regulation was created by Act of Congress and not by any agreement of the parties, either express or implied. In a sense the provision of the Act may be considered remedial, as appellant contends, but it does more than provide a remedy for a loss sustained; it imposes treble damages, or the equivalent, *as a penalty* on a landlord for collecting rent in excess of the allowable maximum.

A justice of the peace has jurisdiction in actions of debt for the breach of an ordinance, by-law or regulation of a city, a township or borough, under the Act of April 15, 1835, P. L. 291, section 7, 42 PS 291. But as to the collection of penalties for violation of statutory regulations, the justice's jurisdiction is restricted to those specified in that act. Jurisdiction of actions such as this was not conferred on justices of the peace by the Act of March 20, 1810, supra, or the Act of July 7, 1879, P. L. 194, 42 PS 241, or by any other Act of Assembly, and the justice was without authority to enter judgment in the present case. We do not accept the reasoning of *Pratt et al. v. Hollenbeck,* 46 D. & C. 657, a case on which appellant strongly relies.

The judgment, inadvertently entered by the lower court, is set aside; the action is dismissed.