## Hammack et ux. v. Wollingham et ux.

*Karl I. Schofield,* for plaintiffs.

*A. Allan Goodman,* for defendants.

MILNER, J., December 5, 1950.—Plaintiffs, who were tenants of defendants, filed this complaint in assumpsit against defendants, their landlords, on September 10, 1949, for alleged rent overcharges under the Federal Housing and Rent Act of June 30, 1947, as amended by the Act of March 30, 1949, 63 Stat. at L. 27, 50 U. S. C. App. §1895. On October 18, 1949, judgment was entered against defendants for want of an answer and the damages were assessed as follows:

Amount of overcharge $240 x 3 = $720.00
Attorney's fee . . . . . . . . . . . . . . . . .    50.00
                                        ————————
                                         $770.00

On October 17, 1950, plaintiffs issued an attachment sur judgment and summoned the City National Bank as garnishee.

More than a year after the judgment was entered, viz., October 27, 1950, defendants entered a rule on plaintiffs to show cause why the judgment should not be stricken off. This rule we are now considering.

Defendants contend that plaintiffs' action should have been in trespass, and, inasmuch as defendants are not required to file an answer in an action in trespass, plaintiffs were not entitled under the procedural law of Pennsylvania to a judgment for want of an answer in this case.

In the period of more than a year that defendants have waited before taking any action the position of the parties and their rights have changed. Under the Housing and Rent Act, supra, plaintiffs' claim for overcharges for rent is limited to a period not exceeding one year prior to suit. If the judgment is stricken off plaintiffs are denied redress under the act. The court cannot lend its aid to defendants' design in this respect. It is also to be borne in mind that plaintiffs have issued an attachment which would be lost if defendants' rule were to be made absolute. By their laches defendants have lost their right to object to plaintiffs' form of action. See Goetz v. Huddi, 20 Dist. R. 152, where a motion to strike off was discharged when made after the lapse of nearly a year, and Butler v. Levy, 71 Pitts. L. J. 316, where it was made more than nine months after entry of judgment. Pa. R. C. P. 1032 provides that:

"A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply, except

"(1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and

"(2) that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall dismiss the action."

Defendants did not file a preliminary objection, answer or reply and they must be deemed to have waived their objection to the form in which plaintiffs brought their action. Under the procedural rules laid

down by the Supreme Court for our guidance we are of the opinion that defendants' rule must be discharged.

We are also of the opinion that defendants' contention that this action should have been brought in trespass is ill-founded. Defendants cite as authority for their position the case of Byers v. Olander, 161 Pa. Superior Ct. 165 (1947) in which the Superior Court held that the jurisdiction of justices of the peace and magistrates is limited strictly to that conferred by our own statutes and that Congress does not have the power to enlarge that jurisdiction. The court consequently decided that a justice of the peace does not have jurisdiction in an action in assumpsit brought under section 205 (e) of the Federal Emergency Price Control Act of January 30, 1942, as amended, 56 Stat. at L. 25. The actual decision in that case is, of course, of no help to defendants, but they rely upon dicta in the opinion of the court as follows (p. 168) :

"Defendant's liability upon the breach of a rent regulation was created by Act of Congress and not by any agreement of the parties, either express or implied. In a sense the provision of the Act may be considered remedial, as appellant contends, but it does more than provide a remedy for a loss sustained; it imposes treble damages, or the equivalent, *as a penalty* on a landlord for collecting rent in excess of the allowable maximum."

The Superior Court had before it section 205 (e) of the act of Congress, since terminated, known as the Emergency Price Control Act of 1942, as amended: 50 U. S. C. App. §925. The wording of the above section authorizing the recovery of treble damages for overcharges of rent differs from that of section 205 of the act of Congress known as the Housing and Rent Act of 1947, as amended by the Act of March 30, 1949, 63 Stat. at L. 27, 50 U. S. C. App. §1895, which is the act which is before us in this case.

The Housing and Rent Act, which carries on the rent control system evolved under the Emergency Price Control Act after its termination, provides that:

"Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed (as set forth in another section of the Act) shall be liable to the person from whom he demands, accepts, or receives such payment (or shall be liable to the United States as hereinafter provided), for reasonable attorney's fees and costs as determined by the court, plus *liquidated damages* in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount." (Italics supplied.)

Section 205 (e) of the Emergency Price Control Act which was before the Superior Court for consideration, and which provides for the recovery by the government or an individual of treble the amount of overcharges, did not contain the wording underlined above in the corresponding section of the Housing and Rent Act. The Housing and Rent Act designates the treble damages as *liquidated damages.* The Housing and Rent Act of 1947, as amended in 1949, was not enacted until after the decision of the Superior Court in Byers v. Olander, supra. We are not persuaded that the dicta of the Superior Court was intended to apply to a differently worded act which was not before the court for consideration.

In United States v. Harris, 89 F. Supp. 537 (E. D. Pa., 1950), Judge McGranery points out that section 205 of the Housing and Rent Act presents a different situation from that under the Emergency Price Control Act, saying:

"Section 205 of the 1947 Act, however, employs unmistakable terminology; it is headed 'Recovery of dam-

ages' and expressly designates recovery as 'liquidated damages'. Such a declaration by Congress is controlling upon the courts. *Helwig v. U. S.*, 188 U. S. 605, 613, 23 S. Ct. 427, 47 L. Ed. 614; *Bowles v. Farmers Nat. Bank of Lebanon, Ky.*, 6 Cir., 147 F. 2d 425."

The court held that the cause of action for treble damages was not penal in nature. It will be noticed that the action in that case was by the government. The reasoning of the case under the authorities hereinafter cited has greater force when the action is by an individual for the redress of the injury he has suffered.

The test for determining whether a statute is penal so that an action under it should be brought in trespass, or remedial so that an action under it should be brought in assumpsit is set forth in 59 C. J. 1111-12, Statutes, §658, as follows:

"The true test in determining whether a statute is penal is whether the penalty is imposed for the punishment of a wrong to the public, or for the redress of an injury to the individual. If the statute permits a recovery of the penalty by an individual for the purpose of enforcing obedience to the mandate of the law by punishing its violation, it is penal in character; but if the recovery of the penalty by an individual is permitted as a remedy for the injury or loss suffered by him, the statute is remedial."

In note 13 (c) to the above section it is stated:

"Statutes allowing double or treble damages for wrongs suffered (1) are remedial where an action would lie at common law and the statute only increases the damages." Citing Brady v. Daly, 175 U. S. 148, and other cases from various jurisdictions.

In Porter v. Montgomery, 163 F. (2d) 211 (1947), the Circuit Court of Appeals for the Third Circuit had before it an action by the Price Administrator under the Emergency Price Control Act for treble the amount

of overcharges on sales in violation of the act. Judge Biggs, delivering the opinion of the court, said:

"A civil action is for damages if it is brought for the compensation of the injured individual. It is for a penalty if it seeks to obtain a sum of money for the state, an entity which has not suffered direct injury by reason of any prohibited action. . . . In the case at bar the sum sought to be recovered by the Administrator clearly is not intended for compensation whereby Montgomery should reimburse or compensate any person whom he injured by sales above ceiling price. The sum sought to be recovered is in the nature of an exaction, to be levied upon Montgomery or his heirs as a penalty to aid in the prevention of a repetition of an offense prohibited by the Act."

The plain inference from this decision is that if an individual is seeking to redress his injury, the action is not a penal one and is properly brought in assumpsit and that was so even under the Emergency Price Control Act.

In Vieira v. Menino, 322 Mass. 165 (1947), the Supreme Court of Massachusetts held that a suit by an individual for treble the amount of overcharges of rent under the Emergency Price Control Act was remedial and not penal and could be enforced in an action of contract. The reasoning from the above decisions and authorities is clearly to the effect that a suit by a tenant for treble the amount of rent overcharges under the Housing and Rent Act is not a penal action and is properly brought in assumpsit.

Defendants also call attention to the fact that the $50 attorney's fee assessed as part of their damages by plaintiffs was not allowed by the court, although the Housing and Rent Act provides for "reasonable attorney's fees and costs as determined by the court". We are of the opinion that the $50 attorney fee is reasonable and approve it. (See Epps v. Smith, deci-

sion by Judge Smith, in C. P. No. 6, June term, 1950, no. 3115, reported in The Legal Intelligencer, September 25, 1950.)

Irrespective of defendants' complaint against plaintiffs' form of action we are of the opinion that they have waived their objection thereto under our procedural rules and are guilty of laches.

For the reasons given above we enter the following

*Order*

And now, December 5, 1950, defendants' rule to strike off the judgment in the above-entitled case is hereby discharged.