## McCullough v. Stanton Construction Co.

Before Griffith, P. J. McDonald and McWilliams, JJ.

*Ralph J. Talarigo*, for plaintiff.

*Roger W. Hager*, for defendant.

McWILLIAMS, J., December 31, 1964.—This is a writ of certiorari directed to Domenick Gelotte, a Justice of the Peace of the Borough of Nanty-Glo, upon the application of defendant, Stanton Construction Company, by its attorneys, Franke, Ayres, Hager and Kuyat.

Defendant filed two exceptions to the record of the justice of the peace and the judgment entered by him, the first of which is as follows:

"1. The transcript shows that the cause of action is trespass on the case and not trespass vi et armis and under the common law and the statutory law of the Commonwealth of Pennsylvania, a Justice of the Peace does not have jurisdiction on a cause of action in trespass on the case."

The transcript shows that judgment was rendered March 14, 1964, in favor of plaintiff and against Stanton Construction Company, defendant, in the sum of $30.03 and costs. The order for supersedeas with cash bond was filed March 31, 1964, and the transcript of the justice of the peace was filed April 27, 1964, pursuant to writ issued March 31, 1964. The transcript states:

"And now March 14th 1964 the hour for the hearing having arrive, plaintiff appear but defendant not present, Alvin McCullough, plaintiff being sworn and testified, stating that on the 3rd day of March 1964, while driving on Lincoln section in the Borough of Nanty Glo Pa., unexpectly, the front part of his vehicle dropped in a trench previously excavated and consequently refilled by the Stanton Construction Company, or a sewer line for the Borough of Nanty Glo Pa. of which said trench, evidently was not compacted, and that there was no warning of such imminent danger.

"And deponent further say that his vehicle was damaged to the extent of $30.03, and that two estimates of the damage made by two competent and bonafied garage men, and that the lowest estimation for said damage being as above stated, and that he personally took and delivered the two estimates to the office of the above mentioned defendant located in Nanty Glo Pa. but received no consideration, and after hearing all the evidence on part of the plaintiff, and after a carefull consideration, and as defendant not appearing to answer the summons, I concluded that this defendant, by his gross negligence, did contributed totally to the accident of which could have been much worse, therefore, under such circumstances, I give judgment, publically, in favor of the plaintiff and against the defendant for the amount of $30.03 and all the cost accrued in this case."

It is very apparent that the above matter is trespass on the case and not trespass vi et armis. Plaintiff, Alvin McCullough, in this case, was the owner and operator of the automobile damaged and he brought this action in his own name. The negligence of defendant corporation was its agents or workmen failing or omitting to perform a duty, i.e., in failing to level and fill properly that part of Lincoln Section (Street) after excavating for a sanitary sewer system and in failing to give a warning of the imminent danger.

Case is distinguished from trespass in definition quoted by Judge Carr of Fayette County in Sellers vs. Rugh, 88 Pitts. L. J. 535 (1940), as follows:

Lord Justice Fortescue in Reynolds v. Clark 1 Stra. 636 (1725), stated:

"If a man throws a log into the highway and in that act hits me, I may maintain trespass, because it is an immediate wrong; but if, as it lights there, I tumble over it and receive an injury, I must bring an action upon the case because it is only prejudicial in consequence."

Judge Cleland, of the Supreme Court of Australia in Hiller v. Leitch, S. A. R. 490, (1936), stated:

"(1) Where an act is done by the defendant negligently and which is in itself an *immediate* injury to another's person or property, the action is trespass, and not case; (2) where no act is done but the negligence consists only of an omission, or where the act done is not *immediately* injurious, the action is case, and not trespass; (3) although the act of negligence is of such a nature that if it had been done by the defendant *personally* trespass would lie, trespass will not lie if the act of negligence has been committed by the defendant's servant; in such case the action is trespass on the case, and not trespass." (Italics supplied.)

Therefore, by virtue of the damages being consequential and the indirect consequence, i.e., not im-

mediate: Hill v. Township of Tionesta, 129 Pa. 525 (1888) ; and because defendant is a corporation and plaintiff's claim would go to defendant's employe's negligence causing damage: Lamparter v. Conestoga Transportation Company, 28 D. & C. 635 (Lancaster County, 1936) ; this action is unquestionably one in case and not vi et armis. And we therefore conclude the facts presented before us definitely show an action in trespass on the case.

This raises the question of whether a justice of the peace has jurisdiction in an action in trespass on the case. This is an old chestnut in Pennsylvania jurisprudence. A justice of the peace has no jurisdiction in actions of trespass on the case. This applies to common law and present statutory law, including The Motor Vehicle Code.

First, let us look at why a justice of the peace can not at the present time entertain jurisdiction over an action which at common law would have been an action of trespass on the case. We must necessarily review legislative and case history.

The Act of March 22, 1814, P. L. 190, 42 PS §331 (1814), gave justices of the peace some jurisdiction over ex delicto actions. It provided:

"The justices of the peace . . . of this commonwealth . . . shall have jurisdiction of actions of trover and conversion, and of actions of trespass brought for the recovery of damages for injury done or committed on real and personal estates in all cases where the value of the property claimed or the damages alleged to have been sustained shall not exceed one hundred dollars."

When this statute was enacted, trespass and trespass on the case were two entirely different forms of action, so courts had no difficulty in distinguishing the two or of construing each separately, although the rationale for arbitrarily excluding actions of trespass

on the case is not manifest in court decisions or statutes: 64 Dickinson Law Rev. 157.

It is clear that the Act of March 22, 1814, 6 Sm. L. 182, 42 PS §331, as enlarged and affected by the Act of July 7, 1879, P. L. 194, 42 PS §241, when using the term, "Actions of Trespass" in conferring jurisdiction on justices of the peace and aldermen, meant an action to recover damages sustained by plaintiff as the immediate consequence of some wrong done forcibly to his person or property by defendant. Under these acts the alderman had jurisdiction only in trespass vi et armis and not in trespass on the case: Battles v. Nesbit, 149 Pa. Superior Ct. 113, 116.

The Act of 1879 enlarged the jurisdictional amount to $300, and the courts interpreting this act did not hesitate to hold that an action of trespass on the case was not within the jurisdiction of a justice of the peace: Wilcox v. Fowler, 2 Chest. 497 (1884); Township of Moreland v. Gordner, 109 Pa. 116 (1885).

The Act of May 25, 1887, P. L. 271, 12 PS §2, and §12 PS §3, which abolished procedural distinctions which existed between actions ex delicto raised a cloud as to whether the status of the justice of the peace in actions on the case had changed since the all-inclusive label of trespass was used. Section 2 of the act provided:

"That, so far as relates to procedure, the distinctions heretofore existing between actions ex-delicto be abolished, and that all damages, heretofore recoverable in trespass, trover, or trespass on the case, shall hereafter be sued for and recovered in one form of action, to be called an "action of trespass."

Section 8, a companion section, was passed to further clarify the meaning of this act:

"The true intent and meaning of this act is that it applies only to the present actions of assumpsit, debt, covenant, trespass, trover and case, and that all other actions now existing shall remain as heretofore, and

are in no way affected by the passage of this act; and that, as to the action herein recited, it applies to the procedure only, and the legal rights of the party are not in the any way to be affected thereby."

The cloud of doubt was dispelled by the courts which concluded the Act of 1887 did not extend the jurisdiction of the justices of the peace to actions of trespass on the case. In Birkhead v. Ward, 35 Pa. Superior Ct. 235 (1908), the court expressly held the Act of 1887 did not extend the jurisdiction of justices of the peace to include "Case" and denied recovery. By way of dicta, in Sprout v. Kirk, 80 Pa. Superior Ct. 514 (1923) and Battles v. Nesbit, 149 Pa. Superior Ct. 113, 27 A. 2d 694 (1942), the Superior Court would not extend the jurisdiction of the justice of the peace to include an action of trespass on the case.

Thus, the jurisdiction of the justice of the peace was not enlarged by the Act of 1887 although it abolished the distinctions theretofore existing between actions ex delicto and provided that all damages heretofore recoverable in trespass, trover or trespass on the case, shall hereafter be sued for and recovered in one form of action, to be called an action of trespass, for the reason that it was effective only insofar as it relates to procedure and in no other respect: Sprout v. Kirk, supra.

In 1955, Act of December 9, 1955, P. L. 817, sec. 1, 42 PS §241, an act amending the Act of 1879, supra, enlarging the jurisdictional amount to $500 was passed which provided:

". . . that . . . justices of the peace, in this commonwealth, shall have concurrent jurisdiction with the courts of common pleas of all actions arising from contract, either express or implied, and of all actions arising from contract either express or implied and of all actions of trespass (and of trover and conversion), wherein the sum demanded does not exceed (three

hundred) five hundred ($500) dollars, except in cases of real contract where the title to lands or tenements may come in question (or action upon promise of marriage)." [Parentheses items were Act of 1879 provisions now deleted by 1955 amendment.]

The amendment of December 9, 1955, supra, raised the jurisdiction of justices of the peace to $500 in all actions arising from contract and in all actions of trespass except in cases of real contract wherein title to lands or tenements may come in question. It deleted the actions of trover and conversion and actions upon promise of marriage.

The writer of the Dickinson Law Review article, discussing jurisdiction of the justice of the peace in trespass on the case actions, stated that although at the time of his article in January, 1960, no cases had construed the Act of 1955 at his writing, he predicted that in utilization of the Statutory Construction Act, PS 46 §551 (1937), authorizing past statutory and case law to be utilized in determining legislative intent, "The conclusion should be that the word 'trespass' has the same scope in the Amendatory Act of 1955 as it did in the earlier Acts." This would mean that the justices of the peace have no jurisdiction in trespass on the case actions.

Since the Dickinson Law Review article (1960), the case of Ghezzi v. Price, 26 D. & C. 2d 321 (1961), has raised the question of construction of the Act of 1955. As was stated by Judge Troutman in Ghezzi v. Price, supra, "A careful reading of this amendment in relation to actions of trespass raises the jurisdictional amount but makes no attempt to place an enlarged interpretation on the jurisdiction heretofore existing in respect to actions of trespass. The wording is the same as that used in the Act of July 7, 1879, supra, and between that date and the date of the enactment of the amendment, there were many cases which defi-

nitely decided that the use of the phrase 'actions of trespass' did not include actions in trespass on the case as far as the jurisdiction of alderman is concerned. The intention of the legislature was not to enlarge the alderman's jurisdiction to include actions of trespass on the case." Justices of the peace were included in the Act of 1955, supra. Therefore, we conclude the intention of the legislature was not to enlarge the justices' of the peace jurisdiction to include actions of trespass on the case, and justices of the peace have no jurisdiction to entertain an action in trespass on the case.

The language in The Motor Vehicle Code of April 29, 1959, as amended July 12, 1961, P. L. 578, sec. 1, 75 PS §1303, it may be argued, raises the question of giving a justice of the peace jurisdiction over the action of trespass on the case. That act, as amended, provides: "All civil actions for damages, arising from the use and operation of any vehicle, may, at the discretion of the plaintiff, be brought before any magistrate, alderman or justice of the peace, in the county wherein the alleged damages were sustained, if the plaintiff has had said damage repaired, and shall produce a receipted bill for the same, properly sworn to by the said party making such repairs or his agent; or action may be brought in the court of common pleas of said county, and service of process, in either case, may be made by the sheriff of the county where the suit is brought deputizing the sheriff of the county wherein the defendant or his registered agent resides, or where service may be had upon him under the existing laws of this Commonwealth, in like manner as process may now be served in the proper county. No action involving more than one hundred dollars ($100.00) shall be brought before any magistrate in cities of the first class, and no action involving more than five hundred dollars ($500.00), shall be brought before any alder-

man or justice of the peace." As amended, July 12, 1961, P. L. 578, sec. 1, 75 PS §1303.

The language, "all civil actions for damages" has already been construed in prior enactments. Not until 1938, and *after* McClellan v. Powers, 22 D. & C. 447 (1935), and Wells v. Nelson, 31 D. & C. 458 (1937), cited by plaintiff in his brief, did the appellate court deal with the matter of whether an exception was made under The Motor Vehicle Code. This was the matter before the Superior Court in Paulson v. Eisenberg, 134 Pa. Superior Ct. 503, 4A. 2d 585 (1938). The court held that to construe The Motor Vehicle Code as conferring upon owners of automobiles, a right of action in trespass different from the scope of the action of trespass that is used by persons injured in accidents generally, would violate article III, sec. 7, of the Pennsylvania Constitution, which prohibits the General Assembly from passing any local or special law regulating the jurisdiction of courts, aldermen, justices of the peace or other tribunal. The court went on to hold there was nothing in the title of the act that could be construed as enlarging the jurisdiction of justices of the peace and that construing the act as extending the jurisdiction of the justice of the peace over an action of trespass on the case would also violate article III, sec. 3, of the Pennsylvania Constitution which provides that no bill, except general appropriation bills, shall be passed containing more than one subject, which shall be clearly expressed in its title. This apparently was the same conclusion reached by the court in Battles v. Nesbit, supra.

The holdings of the previously mentioned decisions are equally applicable to the Act of 1959 even though it would appear that the action of trespass on the case must have been included in such all-inclusive language as "all civil actions for damages."

As stated in Ghezzi v. Price, supra, page 325:

"Section 30 of the Act of June 14, 1923 P. L. 718, or its reenactment in section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, as amended by the Act of April 29, 1959, P. L. 58, sec. 1303, 75 PS §1303, conferred no jurisdiction on justices and aldermen in actions on the case, growing out of automobile accidents: Paulson v. Eisenberg, 134 Pa. Superior Court 503, 506-13."

The amendment of July 12, 1961, P. L. 578, sec. 1, 75 PS §1303, raised the jurisdictional amounts of aldermen and justices of the peace to $500 from $300, but the intention of the legislature was not to enlarge the jurisdiction of aldermen or justices of the peace to include actions of trespass on the case. Therefore we conclude an action of trespass on the case cannot be heard by a justice of the peace under The Motor Vehicle Code.

Plaintiff's second exception on certiorari states:

"2: If the Justice of the Peace has jurisdiction under the law, P. L. 58, Sec. 1303, 75 PS §1303, the record is defective because he does not have attached to it a receipted repair bill as required by said statute."

P. L. 58, (1959), has been amended by the Act of July 12, 1961, P. L. 578, sec. 1, 75 PS §1303, set forth in detail, supra. We have concluded that the justice of the peace has no jurisdiction over an action of trespass on the case so this question raised perhaps need not be gone into in great detail. The act specifically states: "All Civil Actions for damages, arising from the use and operation of any vehicle may, at the discretion of the plaintiff, be brought before any . . . justice of the peace, in the county wherein the alleged damages were sustained, *if the plaintiff has had said damage repaired, and shall produce a receipted bill for the same,* properly sworn to by the said party making such repairs or his agent. . . ." (Italics supplied.)

The transcript speaks of "two estimates of the dam-

age made by two competent and bonafied garage men" and attached to the transcript is a form from Boback Pontiac which in print states, inter alia, "The above *estimate* is based on our inspection and does not cover additional parts or labor which may be required after the work has been opened up. Occasionally after the work has been started, damaged or broken parts are discovered which are not evident on the first inspection. Because of this, above prices cannot be guaranteed. This *estimate* is for immediate acceptance only. Grand total *estimate*" . . . . After Grand Total *estimate* appears the ink figure $30.03. (Italics supplied.) The estimate is sworn to by one E. T. Boback, but nowhere on the form nor in the transcript is there anywhere shown that the plaintiff has had the damages repaired nor does the "Estimate" form purport to be a receipted bill showing payment.

Merely attaching estimates of repairs does not constitute receipted bills for repair and the justice of the peace accordingly had no jurisdiction over the case: Moore v. Rider, 57 Lanc. 47 (1960). The judgment will be stricken off unless the transcript shows that the plaintiff has had the damages repaired and produced a receipted bill therefor properly sworn to by the party who actually made the repairs: Wilson v. Routch, 24 West. 185, (1943), and Di Cecco v. Spindler, 42 D. & C. 533 (1941).

Therefore, since the justice of the peace had no jurisdiction of the instant case, the judgment entered against defendant, Stanton Construction Company, is void for want of jurisdiction.

### Order

And now, December 31, 1964, the exceptions filed on the writ of certiorari are hereby sustained, and the judgment of the justice of the peace is reversed and judgment is hereby directed to be entered against Alvin McCullough, plaintiff, and in favor of Stanton Con-

struction Company, defendant, for costs. Further, the prothonotary is hereby directed to refund to Roger Hager, Esquire, attorney for defendant, Stanton Construction Company, the cash bond of $100 filed March 31, 1964, less poundage.