## Maul v. Guthrie

*H. Ray Pope III*, for plaintiff.
*William Strong*, for defendants.

SNYDER, *P.J.*, 54th Judicial District, *Specially Presiding*, October 26, 1977—This matter comes before the court on a petition by plaintiff for a declaratory judgment to require defendants to sign the form of consent provided by the Department of Environmental Resources pursuant to the provisions of section 5(a)(2)(I) of the Surface Mining, Conservation and Reclamation Act.[1] Section 5(a)(2)(I) provides:

"(a) Before any person licensed as a surface mining operator shall hereafter proceed to mine minerals by the surface mining method, he shall apply to the Department, on a form prepared and furnished by the Department, for a permit for each separate operation. . . .

"(2) Reclamation Plan. A complete and detailed

---

1. Act of November 30, 1971, P.L. 554, 52 P.S. §1396.1 et seq.

plan for the reclamation of the land affected. Except as otherwise herein provided, or unless a variance for cause is specially allowed by the Department as herein provided, each such plan shall include the following:

"I. Except where leases in existence on the effective date of this amending Act do not so provide or permit, the application for a permit shall include, upon a form prepared and furnished by the Department, the written consent of the landowner to entry upon any land to be affected by the operation by the operator or by the Commonwealth or any of its authorized agents within a period of five years after the operation is completed or abandoned for the purpose of reclamation, planting, and inspection or for the construction of any such mine drainage treatment facilities as may be deemed necessary by the secretary for the prevention of stream pollution from mine drainage."

In the surface mining industry the consent called for in section 5(a)(2)(I) is known as a "Supplemental C" consent.

The facts in this case are that on December 30, 1974, John and Mildred Hamler, by agreement in writing, granted Lew Maul the right to remove the coal from under the Hamler's premises by surface mining methods. If Maul did not commence the coal operations within 180 days of the date of the agreement he was obliged to pay Hamlers $1,000 advance royalty. The coal operations were not commenced within 180 days and on May 15, 1975, Maul paid Hamlers the $1,000 advance royalty. On May 17, 1975, Maul contracted with Mauersberg Coal Company to have that company remove the coal.

Mildred Hamler died on February 9, 1976, and on February 19, 1976, John Hamler conveyed the premises in question to his daughters, Lois N. Guthrie and Shirley A. Sayers, who are now defendants in this proceeding. Guthrie and Sayers received title to the premises with full knowledge of the existence of the agreement which their parents had made with Maul.

When Mauersberg Coal Company made application to the Department of Environmental Resources for a mining permit, the department advised Mauersberg to submit the consent form, known as "Supplemental C." Mauersberg then advised Maul of the notice received from the Department of Environmental Resources and Maul presented a "Supplemental C" form to defendants for their signatures. Defendants refused to sign, contending there was nothing in the agreement which their parents signed with Maul that said such a consent as called for in "Supplemental C" would be given.

Plaintiff counters by asserting that even though the agreement between Maul and the Hamlers made no specific reference to the Hamlers being required to sign a consent such as that provided in the "Supplemental C" form, nevertheless such a consent is to be implied into the agreement by necessary implication. In support of that position plaintiff cites Neel v. Williams, 158 Pa. Superior Ct. 478, 45 A. 2d 375 (1946), and Nagle Eng. and Boiler Wks. v. Erie, 350 Pa. 158, 38 A. 2d 225 (1944), which hold that statutory requirements, whether imposed specifically or by necessary implication, become part of the assumed contractual liability. Plaintiff also cites DePaul v. Kauffman, 441 Pa. 386, 272 A. 2d 500 (1971), which held that

laws in force when a contract is entered into become part of the obligation of the contract, with the same effect as if expressly incorporated in its terms.

We agree with plaintiff. When the Hamlers entered into the agreement with Maul in December of 1974, it was the well established public policy in Pennsylvania that the people of the Commonwealth have a vital interest in having land which is affected in course of surface mining for coal or other minerals to be reclaimed. This policy was first stated in the Bituminous Coal Open Pit Mining Conservation Act[2] and was subsequently reaffirmed in the amending act, known as the Surface Mining, Conservation and Reclamation Act.[3] In order to accomplish this public policy the amending act, in section 5(a)(2)(I), calls for a consent to be signed by the landowner permitting entry upon the affected land at any time within five years after the coal operation is completed or abandoned. Thus, the removal of coal by surface mining methods must always be subject to the general public's interest in having the land reclaimed after the coal is removed. The landowner cannot take the position that he wants his coal removed by surface mining methods but he will not agree to re-entry for reclamation purposes without receiving extra compensation.

Therefore, we conclude that when landowners agree to have coal removed from under their premises by surface mining methods but their agreement with the coal operator is silent on the question of reclamation of the land affected in the course of

2. Act of May 31, 1945, P.L. 1198, 52 P.S. §1396.1 et seq.

3. Supra, f.n. 1.

such mining, it must necessarily be implied as part of the landowners' contract with the coal operator that the landowners will provide the consent referred to in section 5(a)(2)(I) of the Surface Mining, Conservation and Reclamation Act.

### DECREE

And now, October 26, 1977, it is hereby ordered and decreed:

1. That the agreement of December 30, 1974, between John and Mildred Hamler and Lew Maul necessarily implied that John and Mildred Hamler would, upon request, sign a consent to entry upon their land for the reclamation and restoration purposes provided in the Surface Mining, Conservation and Reclamation Act of November 30, 1971, P.L. 554, 52 P.S. §1396.1 et seq.

2. That Lois N. Guthrie and Shirley A. Sayers, who are now the present owners of the premises formerly owned by John and Mildred Hamler, shall, upon request, sign the form of consent as provided by the Department of Environmental Resources of the Commonwealth of Pennsylvania pursuant to section 5(a)(2)(I) of the Surface Mining, Conservation and Reclamation Act.